**UNIVERSITY OF TEXAS M.D. ANDERSON CANCER CENTER, Appellant,**

v.

**Vicki M. KING, Appellee.**

**No. 14–10–00282.**

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 7, 2010.

Rehearing Overruled Jan. 6, 2011.

Bridget Lynn McKinley, Austin, for appellant.

Bradley Landon Leger, Houston, for appellee.

Panel consists of Justices SEYMORE, BOYCE, and CHRISTOPHER.

## OPINION

TRACY CHRISTOPHER, Justice.

In this health care liability case, the University of Texas M.D. Anderson Can-

cer ("M.D. Anderson") appeals the denial of its assertions of immunity. Because the plaintiff's pleadings are deficient, the trial court erred in denying M.D. Anderson's plea to the jurisdiction. The plaintiff's claim that her injuries were caused by the improper use of a hospital bed contains insufficient facts to demonstrate the presence or absence of jurisdiction; we therefore remand that claim to the trial court to allow the plaintiff an opportunity to amend. We dismiss with prejudice the remainder of plaintiff's claims because her pleadings affirmatively demonstrate the absence of jurisdiction. Finally, we conclude that the trial court did not abuse its discretion in determining that there had been inadequate time for discovery; thus, we affirm the denial of M.D. Anderson's no-evidence motion for summary judgment.

## I. FACTUAL AND PROCEDURAL BACKGROUND

While undergoing chemotherapy at M.D. Anderson on May 10, 2007, Vicki King sustained a broken arm and a torn rotator cuff. Two years later, she filed this health care liability claim. M.D. Anderson responded with a plea to the jurisdiction asserting that King failed to allege facts constituting a waiver of M.D. Anderson's sovereign immunity.[1] The plea was not set immediately for hearing. In the meantime, the trial court issued a docket control order specifying that King was to designate her expert witnesses by February 2, 2010, and that the parties were to complete discovery and amend pleadings not later than April 16, 2010.

On February 10, 2010, M.D. Anderson filed a supplemental plea to the jurisdiction in which it pointed out that King had designated no expert witness to opine that her injuries were caused by the use of tangible personal property, and the deadline for King to designate additional experts had passed. At the same time, M.D. Anderson filed a no-evidence motion for summary judgment. One month later, King filed an amended petition and M.D. Anderson filed a second supplemental plea to the jurisdiction asserting that King's latest pleading added only sham allegations in an attempt to wrongfully confer jurisdiction. Both the supplemented plea to the jurisdiction and the summary-judgment motion were scheduled for a hearing to take place on March 26, 2010. King failed to timely respond to the summary-judgment motion[2] and filed no response at all to the plea to the jurisdiction.

At the hearing, King's counsel requested a continuance, asserted that discovery was ongoing, and argued that there had been inadequate time to complete discovery. The trial court did not continue the hearing, but instead denied both M.D. Anderson's plea to the jurisdiction and its summary-judgment motion, stating, "If I can look at the evidence, I got to wait until the discovery period is over." M.D. Anderson brings this interlocutory appeal to challenge those rulings. *See* TEX. CIV.

---

1. "Sovereign immunity" and "governmental immunity" are sometimes treated as interchangeable terms. See *Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371, 374 n. 1 (Tex.2006) (op. on reh'g). Sovereign immunity is available to the state and its agencies, and governmental immunity is available to political subdivisions. *Harris County v. Sykes*, 136 S.W.3d 635, 638 (Tex.2004).

2. King filed an untimely response to the summary-judgment motion four days before the hearing. Because there is no basis in the record to conclude that the trial court granted leave to file a late response, we presume that the trial court did not consider it. *Envtl. Procedures, Inc. v. Guidry*, 282 S.W.3d 602, 612 (Tex.App.-Houston [14th Dist.] 2009, pet. denied).

Prac. & Rem.Code Ann. § 51.014(a)(8) (Vernon 2008).

## II. Issues Presented

In its first issue, M.D. Anderson contends that the trial court erred in denying its plea to the jurisdiction and no-evidence motion for summary judgment as to (a) King's claims based upon alleged errors in medical judgment, and (b) her claims that are not based on allegations that her injuries were caused by the use of tangible personal property. In its third issue, M.D. Anderson asserts that it is entitled to summary judgment because King failed to present evidence that a paid M.D. Anderson employee proximately caused her injuries by negligently using tangible personal property or negligently furnishing defective tangible personal property. M.D. Anderson argues in its second issue that because King failed to produce such evidence, the trial court erred in denying M.D. Anderson's plea to the jurisdiction as well as its no-evidence motion for summary judgment.

## III. Analysis

King asserted in her pleadings that, upon information and belief, M.D. Anderson is "an instrumentality of the State of Texas"—i.e., a governmental entity. Such entities are entitled to immunity from suit for personal injuries unless immunity has been waived, and the claimant bears the burden to plead facts demonstrating a waiver of immunity. *County of Cameron v. Brown*, 80 S.W.3d 549, 554–55 (Tex.2002). Here, King asserted that the trial court could properly exercise jurisdiction because immunity had been waived under the Texas Tort Claims Act. *See* Tex. Civ. Prac. & Rem.Code Ann. § 101.021 (Vernon 2005) (waiving immunity from suit to the extent of liability for personal injury or death caused by a governmental em-

ployee's negligent use of a motor-driven vehicle or motor-driven equipment; the condition or use of real property; or the condition or use of tangible personal property). Specifically, King asserted that immunity was waived as to her claims because they involved personal injuries caused by a condition or use of tangible personal property. *See id.* § 101.021(2). Thus, no other basis for waiver of immunity is at issue.

In both its plea to the jurisdiction and its summary-judgment motion, M.D. Anderson argued that (a) King did not properly plead that her injuries were caused by the condition or use of tangible personal property, and (b) no evidence supports any such allegation. In its plea to the jurisdiction, however, M.D. Anderson addressed King's alleged pleading deficiencies in greater detail, while it asserted its evidentiary challenge with greater specificity in its summary-judgment motion. For clarity, we have followed the same structure.

### A. Plea to the Jurisdiction

 We review de novo a trial court's ruling on a plea to the jurisdiction. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex.2004). When the sufficiency of the pleadings is challenged, the trial court, by construing the pleadings liberally and looking to the pleader's intent, determines if the facts alleged affirmatively demonstrate its jurisdiction to hear the case. *See id.* If the pleadings contain insufficient factual allegations to affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate incurable jurisdictional defects, then the plaintiff must be afforded the opportunity to amend. *Id.* at 226–27. Claims that are incurably defective or affirmatively negate the existence of jurisdiction may be dismissed without allowing

the plaintiff an opportunity to amend. *Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex.2007); *Miranda*, 133 S.W.3d at 227.

Just as the parties have done, we separately address King's various factual allegations.

### 1. Specific Allegations of Failure to Act

M.D. Anderson first points out that the following allegations in King's live pleading are not based on any recognized waiver of immunity under the Texas Tort Claims Act:

Specifically, M.D. Anderson by and through its actual and ostensible agents, employees, vice principals, and borrowed servants, failed to use the ordinary care and diligence that reasonable and prudent health care providers would have employed under the same or similar circumstances and was negligent by, among other acts and omissions, the following:

a. Failing to develop, employ, monitor and follow appropriate policies and procedures with regard to the assessment, treatment, management and oversight of patients such as Plaintiff;

b. Failing to assure the competence of medical staff;

c. Failing to monitor and oversee the quality of treatment rendered by medical staff members to Plaintiff;

d. Failing to properly investigate, inspect and adequately monitor the credentials of each of the physicians and nurses who rendered services to Plaintiff;

e. Failing to develop, employ and monitor policies and procedures for the nursing staff to utilize the chain of command;

f. Failure by the nurses employed by M.D. Anderson to initiate the chain of command to prevent exacerbation of Plaintiff's injuries;

g. Failure by the nurses employed by M.D. Anderson to assure the Plaintiff was lying flat in bed in a supine position prior to moving Plaintiff;

h. Failure by the nurses employed by M.D. Anderson to assure Plaintiff's body was aligned prior to moving Plaintiff;

i. Failure by the nurses employed by M.D. Anderson to use care when moving Plaintiff;

j. Failure by the nurses employed by M.D. Anderson to use a draw sheet and/or pad underneath Plaintiff when moving Plaintiff; and

k. Failure by the nurses employed by M.D. Anderson to move Plaintiff without causing a right humerus fracture and rotator cuff tear.

M.D. Anderson is correct: these allegations are not based upon the negligent use of tangible personal property. There is no waiver of immunity under the "tangible personal property" provision of the Texas Tort Claims Act for injuries proximately caused by the negligent (1) exercise of medical judgment,[3] (2) use or misuse of information,[4] (3) failure to act or

---

**3.** *Arnold v. Univ. of Tex. Sw. Med. Ctr. at Dallas*, 279 S.W.3d 464, 469 (Tex.App.-Dallas 2009, no pet.) (explaining that allegations of harm caused by overly-large implants were allegations of an error in medical judgment, not an allegation of the negligent use of tangible personal property).

**4.** *Univ. of Tex. Med. Branch at Galveston v. York*, 871 S.W.2d 175, 176 (Tex.1994) (concluding that immunity is not waived for harm resulting from errors or lapses in medical documentation or failure to follow recommendations).

to use property,[5] (4) failure to supervise,[6] (5) failure to investigate,[7] (6) failure to monitor,[8] or (7) failure to recognize or address the risk of falling.[9] Moreover, these allegations are incurably defective; King cannot cure them by pleading more detailed facts to support her assertion that her injuries were caused by acts or omissions such as those listed above. *See Koseoglu*, 233 S.W.3d at 840. Consequently, no purpose would be served by remanding these claims to the trial court. *See Thomas v. Long*, 207 S.W.3d 334, 338 (Tex.2006). With respect to these claims, then, we sustain M.D. Anderson's first issue, reverse the trial court's denial of the plea to the jurisdiction, and dismiss these claims with prejudice.

### 2. Alleged Use or Misuse of Medication

King's remaining allegations are as follows:

During the course of her chemotherapy treatment, M.D. Anderson's staff ... positioned Ms. King in a hospital bed and administered medication that unnecessarily put Ms. King to sleep. While she was rendered unconscious by M.D. Anderson's medication, M.D. Anderson's staff improperly used Ms. King's hospital bed and as a result Ms. King was dropped or her arm was pulled and jerked with such force as to cause a right humerus fracture and rotator cuff tear.

. . .

At the time of Ms. King's injury, ... M.D. Anderson's medical staff was negligent in misusing the medication that unnecessarily rendered Ms. King unconscious as well as the hospital bed in which Ms. King was sleeping. . . . M.D. Anderson's staff had a duty to exercise ordinary care and use Ms. King's medication and her hospital [sic] reasonably and prudently. M.D. Anderson breached this duty by using medication that unnecessarily rendered Ms. King unconscious thereby leaving her defenseless, and using Ms. King's hospital bed in such a way as to put such stress on Ms. King's right arm as to cause a bone fracture and tear in Ms. King's rotator cuff.

. . .

M.D. Anderson's use and misuse of Ms. King's medication and hospital bed was a proximate cause of Ms. King's fractured right arm and torn rotator cuff.

■ Although these allegations refer to the use or misuse of medication and a hospital bed, immunity is not waived in

---

**5.** *Kerrville v. Clark*, 923 S.W.2d 582, 584 (Tex. 1996) (holding that failure to administer an injectable drug is a non-use of tangible property and does not fall under the waiver provisions of the Texas Tort Claims Act); *Univ. of Tex. Med. Branch v. Thompson*, 2006 WL 1675401, *3–4 (Tex.App.-Houston [14th Dist.] June 20, 2006, no pet.) (mem.op.) (finding no waiver of immunity for failure to make timely use of medical diagnostic tools).

**6.** *Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 543 (Tex.2003) (holding that immunity was not waived for bus driver's alleged failure to supervise the public); *see also Univ. of Tex. Health Sci. Ctr. v. Schroeder*, 190 S.W.3d 102 (Tex.App.-Houston [1st Dist.]

2005, no pet.) (holding that immunity is not waived for injury or death caused by negligent supervision).

**7.** *Arnold*, 279 S.W.3d at 468–69 (holding that immunity is not waived for failure "to make the proper pre-surgery investigation").

**8.** *Somervell County Healthcare Auth. v. Sanders*, 169 S.W.3d 724, 728 (Tex.App.-Waco 2006, no pet.) (explaining that failure to monitor is not a claim involving the condition or use of tangible personal property).

**9.** *Id.* at 727–28 (concluding that immunity is not waived for failure to recognize or address the risk of falling).

every personal-injury case involving tangible personal property. *Tex. Dep't of Criminal Justice v. Miller*, 51 S.W.3d 583, 588 (Tex.2001). Specifically, immunity is not waived if use of such property merely furnished the condition that made the injury possible. *Arnold v. Univ. of Tex. Sw. Med. Ctr. at Dallas*, 279 S.W.3d 464, 467–68 (Tex.App.-Dallas 2009, no pet.). Rather, use of tangible personal property must actually have caused the injury. *Miller*, 51 S.W.3d at 588.

■ Here, M.D. Anderson has not waived immunity from suit as to King's allegations that M.D. Anderson's employees administered medication that unnecessarily put her to sleep or rendered her unconscious. Even under the most liberal reading of King's pleading, the alleged use or misuse of medication merely furnished the condition—King's state of sleep or unconsciousness—that made the injury possible. To the extent that King's claims are based on these allegations, the trial court erred in failing to dismiss them with prejudice. We therefore sustain M.D. Anderson's first issue in part, reverse the trial court's denial of the plea to the jurisdiction as to the "medication" allegations, and dismiss them with prejudice.

### 3. Allegedly Improper Use of Hospital Bed

■ The only possible remaining basis for King's claims is found in the following allegations:

> M.D. Anderson's staff ... positioned Ms. King in a hospital bed and ... improperly used Ms. King's hospital bed and as a result Ms. King was dropped or her arm was pulled and jerked with such force as to cause a right humerus fracture and rotator cuff tear.
>
> ...
>
> M.D. Anderson's medical staff was negligent in misusing ... the hospital bed in

which Ms. King was sleeping.... M.D. Anderson's staff had a duty to exercise ordinary care and use Ms. King's ... hospital [sic] reasonably and prudently. M.D. Anderson breached this duty by ... using Ms. King's hospital bed in such a way as to put such stress on Ms. King's right arm as to cause a bone fracture and tear in Ms. King's rotator cuff.

...

M.D. Anderson's use and misuse of Ms. King's ... hospital bed was a proximate cause of Ms. King's fractured right arm and torn rotator cuff.

In certain narrow circumstances, immunity has been held to be waived for claims of personal injury caused by the condition or use of a hospital bed. *Compare Overton Mem. Hosp. v. McGuire*, 518 S.W.2d 528, 529 (Tex.1975) (per curiam) (government-owned hospital was not entitled to immunity from the claims of a patient injured by falling from a bed that was negligently provided without guard rails) *with Gainesville Mem'l Hosp. v. Tomlinson*, 48 S.W.3d 511, 513–14 (Tex.App.-Fort Worth 2001, pet. denied) (no waiver of immunity for patient's claim that she fell when a hospital misused a bed by allowing her to sit on it without adequate supervision); *see also San Antonio State Hosp. v. Cowan*, 128 S.W.3d 244, 246–47 (Tex.2004) (explaining that in *Overton*, the hospital "actually put the patient in the bed as part of his treatment"); *Tex. A & M Univ. v. Bishop*, 156 S.W.3d 580, 584 (Tex.2005) (explaining that *Overton*'s precedential value is limited to situations in which "an integral safety component is entirely lacking rather than merely inadequate"). King's allegations, however, contain insufficient facts to affirmatively demonstrate the trial court's jurisdiction or to affirmatively demonstrate incurable jurisdictional defects. Regardless of how liberally one interprets her pleadings, it is impossible to

tell whether King contends that she fell and was injured because M.D. Anderson's staff placed her as part of her treatment in a hospital bed lacking an integral safety component, *see Overton*, or whether she contends she was injured because M.D. Anderson personnel were negligent in moving or positioning her. *See Salinas v. City of Brownsville*, No. 13–08–00146–CV, 2010 WL 672885, at *5 (Tex.App.-Corpus Christi Feb. 25, 2010, no pet.) (holding no waiver of immunity for injuries sustained when the plaintiff fell from a washing machine on which emergency medical technicians had placed her for evaluation). She therefore is entitled to the opportunity to amend her pleadings. *See Miranda*, 133 S.W.3d at 226–27.[10]

We sustain M.D. Anderson's first issue as it pertains to King's allegations that she was injured by the use or misuse of a hospital bed, and we remand such claim to the trial court so that King may amend her pleading to address the factual deficiency identified above.

## B. Motion for Summary Judgment

■ King argues that we do not have interlocutory appellate jurisdiction to review the trial court's denial of summary judgment because M.D. Anderson affirmatively invoked the trial court's jurisdiction to request judgment on the merits of King's claims. This argument, however, is not supported by the record, which instead shows that M.D. Anderson moved for summary judgment on the grounds that there is no evidence of the elements necessary to establish waiver of immunity. Specifically, M.D. Anderson asserted there was no evidence that (1) any of its employees were negligent (2) in the use of tangible personal property (3) that proximately caused King's injuries.[11] Thus, for the purposes of determining whether the ruling on the motion is subject to an interlocutory appeal, the motion was, in substance, a plea to the jurisdiction. *See Thomas v. Long*, 207 S.W.3d 334, 339 (Tex.2006).

A party may move for no-evidence summary judgment only "[a]fter adequate time for discovery." TEX.R. CIV. P. 166a(i). According to the comment to Rule 166a(i), "[a] discovery period set by pretrial order should be adequate opportunity for discovery unless there is a showing to the contrary, and ordinarily a . . . [no-evidence motion for summary judgment] would be permitted after the period but not before." TEX.R. CIV. P. 166a(i) cmt.; *McInnis v. Mallia*, 261 S.W.3d 197, 200 (Tex.App.-Houston [14th Dist.] 2008, no pet.). This comment was expressly intended "to inform the construction and application of the rule." TEX.R. CIV. P. 166a(i) cmt. Thus, under the comment's plain language, a trial court may choose not to entertain a no-evidence motion for summary judgment filed before the discovery deadline in the docket control order. *Cf. McInnis*, 261 S.W.3d at 200–01 (characterizing a trial court's consideration of a no-evidence motion for summary judgment before the end of the discovery period as "an exception to the ordinary rule"); *see also* TEX.R. CIV. P. 166a(g) (authorizing a trial court to deny a

---

**10.** M.D. Anderson argues that because King amended her pleadings before the trial court denied the summary-judgment motion and plea to the jurisdiction, she is not entitled to remand to amend her pleadings. We disagree. *See Koseoglu*, 233 S.W.3d at 839–40 (explaining that after a court decides a jurisdictional plea is meritorious, a claimant is entitled to a reasonable opportunity to amend if the pleading deficiency is curable).

**11.** M.D. Anderson additionally moved for summary judgment based on the absence of allegations or evidence that King's injuries were caused by its employees' negligent use of a motor-driven vehicle or motor-driven equipment, or by the condition or use of real property. The absence of such allegations and evidence, however, is undisputed.

motion for summary judgment if there has been inadequate time for discovery).

In challenging the trial court's conclusion that there had been inadequate time for discovery, M.D. Anderson urges us to presume that King investigated her case at least three times: once before filing suit, once before filing her expert report pursuant to section 74.351 of the Civil Practice and Remedies Code, and once again before she finalized her designation of expert witnesses. M.D. Anderson reasons that based on these presumptions, this court "is within its discretion to conclude that [King] had investigated her claims and there had been adequate time for discovery." But the determination of whether there has been adequate time for discovery lies within the trial court's discretion, not this court's discretion. *See McInnis*, 261 S.W.3d at 201. We merely review the trial court's determination, considering factors such as (1) the nature of the case, (2) the nature of the evidence necessary to controvert the motion, (3) the length of time the case was active, (4) the amount of time the motion was on file, (5) whether the movant had requested stricter deadlines for discovery, (6) the amount of discovery that already had taken place, and (7) whether the discovery deadlines in place were specific or vague. *Id.*

With regard to these factors, M.D. Anderson points out that at the time it filed its no-evidence motion for summary judgment, King's health care liability claims had been on file for nine-and-one-half months. We note, however, that discovery in a health care liability case is limited before the plaintiff serves the de-fendants with expert reports,[12] and M.D. Anderson moved for summary judgment five-and-one-half months after King served her expert report and four-and-one-half months after challenges to the expert report were resolved. We further note that the docket control order contained a specific discovery deadline, and 51 days remained in the discovery period when M.D. Anderson moved for summary judgment. M.D. Anderson cites no evidence that it requested a shorter discovery period. The summary-judgment motion was heard thirty days after it was filed, and at the time the trial court denied the motion, three weeks remained in the discovery period.

M.D. Anderson argues that further discovery would be pointless because King allowed the expert-designation deadline to expire without designating an expert to testify that her injuries were caused by an M.D. Anderson employee's negligent use of tangible personal property[13] This argument is based on M.D. Anderson's assumption that because the deadline to designate expert witnesses has passed, King is barred as a matter of law from amending her expert designation or supplementing the report of her currently-designated expert. Such assumptions are incorrect. *See* Tex.R. Civ. P. 193.6(b) (a party may make an untimely amendment or supplementation of a discovery response if it establishes that there was good cause for the delay or that the delay will not unfairly surprise or unfairly prejudice the other parties); Tex.R. Civ. P. 193.6(c) (even if the delay is not excused by good cause, lack of unfair surprise or prejudice, the trial court may grant a continuance to allow the parties to conduct discovery regarding infor-

12. *See* Tex. Civ. Prac. & Rem.Code §§ 74.351(s), 74.352.

13. King's designated expert, Dr. Mark Koch, did not attribute her injuries to the use of tangible personal property. He instead opined only that the type of injuries Ms. King sustained are usually caused by "a fall onto an outstretched arm," and "may have occurred as a result of a fall out of bed landing head-first with her arm overhead or may have occurred by being hoisted up in bed while unconscious."

mation presented by the untimely discovery response).

On this record, we conclude that the trial court did not abuse its discretion in determining that there had been inadequate time for discovery. We therefore overrule M.D. Anderson's second and third issues as they pertain to the alleged absence of evidence to establish waiver of immunity.

### IV. Conclusion

We affirm the trial court's denial of M.D. Anderson's no-evidence motion for summary judgment; reverse its denial of the plea to the jurisdiction; dismiss King's claims that her injuries were caused by any M.D. Anderson's employee's failure to act, exercise of medical judgment, or use or misuse of medication; and remand the case to give King the opportunity to plead sufficient facts to allow the trial court to determine whether King's assertions concerning a hospital bed adequately allege that her injuries were caused by the use of tangible personal property.