**Reversed and Rendered and Memorandum Opinion filed January 5, 2012.**



In The

# Fourteenth Court of Appeals

### NO. 14-11-00215-CV

### THE UNIVERSITY OF TEXAS MEDICAL BRANCH AT GALVESTON, Appellant

### V.

### MARVIN SIMMONS, Appellee

**On Appeal from the 122nd District Court
Galveston County, Texas
Trial Court Cause No. 08CV0832**

## MEMORANDUM OPINION

This interlocutory appeal arises from the trial court's denial of a plea to the jurisdiction, in which a state university hospital claimed it was entitled to sovereign immunity in a medical malpractice suit. Because the patient-claimant failed to allege a claim within the waiver of sovereign immunity under the Texas Tort Claims Act, the trial court erred in denying the healthcare provider's plea. Accordingly, we reverse and render judgment dismissing the claims for want of subject matter jurisdiction.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The facts are undisputed that, in January 2007, appellee/plaintiff Marvin Simmons was admitted to the hospital operated by appellant/defendant The University of Texas Medical Branch at Galveston (the "Hospital") after suffering a stroke in which he presented with brain swelling. During a craniotomy, a bone flap was removed from Simmons's skull to reduce pressure on his brain from the swelling. Several months later, in October 2007, Simmons underwent a procedure to replace the bone flap. Healthcare workers at the Hospital were unable to locate the original bone flap that had been removed in Simmons's January 2007 craniotomy. A surgeon instead utilized titanium mesh to successfully mend the defect in Simmons's skull.

Simmons brought suit against the Hospital, alleging negligence, gross negligence, and breach of fiduciary duty arising from the treatment and care he received as a patient at the Hospital. Specifically, Simmons alleged that the Hospital was negligent in failing to safeguard the bone flap. Simmons alleged that the Hospital breached a duty to exercise ordinary care in the following ways: failing to "properly train, staff, and credential physicians;" failing to "properly train, staff, and credential" its staff and nurses; failing to safeguard the bone flap taken from Simmons's skull; failing to develop and implement proper procedures for safeguarding the bone flap removed from Simmons's skull; and failing to ensure that the Hospital's employees followed proper procedures and policies. Simmons alleged that these actions and omissions caused him damages and he sought to recover for physical pain and suffering, mental anguish, physical disfigurement, and physical impairment.

In responding to the suit, the Hospital claimed to have full sovereign immunity from suit and liability under the Texas Tort Claims Act. The Hospital filed a plea to the jurisdiction in which it asserted that the suit should be dismissed because Simons failed to establish a waiver of sovereign immunity from suit or liability under the Texas Tort Claims Act. Simmons responded that he alleged misuse of tangible personal property.

2

The trial court denied the Hospital's plea, which the Hospital now appeals. This court has jurisdiction to consider this interlocutory appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8), (5) (West 2008); *Univ. of Texas M.D. Anderson Cancer Center v. King*, 329 S.W.3d 876, 879 (Tex. App.—Houston [14th Dist.] 2010, pet. denied).

## II. ISSUES PRESENTED

In three issues, the Hospital seeks reversal of the trial court's order denying the plea to the jurisdiction. The Hospital claims that no waiver of sovereign immunity exists under the Texas Tort Claims Act for Simmons's allegations of failure to act and negligence. The Hospital also asserts dismissal is warranted because Simmons is impermissibly seeking recovery of property damages arising from an alleged negligent use of tangible property, which is not actionable under the Texas Tort Claims Act. According to the Hospital, Simmons's claims are incurably defective and warrant dismissal. Finally, the Hospital asserts that Simmons presented no evidence to establish the necessary elements of a healthcare-liability claim within the limited waiver of sovereign immunity under the Texas Tort Claims Act.

## III. ANALYSIS

It is undisputed that the Hospital is a governmental entity that generally enjoys sovereign immunity from tort liability unless immunity has been waived. *See Wesela v. University of Texas Medical Branch at Galveston*, 899 S.W.2d 292, 293 (Tex. App.— Houston [14th] 1995, no writ). As the claimant, Simmons bears the burden of pleading facts demonstrating a waiver of immunity. *Cnty. of Cameron v. Brown*, 80 S.W.3d 549, 554-55 (Tex. 2002); *Univ. of Tex. M.D. Anderson Cancer Ctr. v. King*, 329 S.W.3d 876, 879 (Tex. App.—Houston [14th Dist.] 2010, pet. denied). Simmons argues that sovereign immunity has been waived under the Texas Tort Claims Act.

When, as in this case, a claimant sues a governmental entity that is a healthcare provider asserting a healthcare-liability claim, the claimant must comply with both the

3

Medical Liability Act and the Texas Tort Claims Act. The Texas Tort Claims Act provides a waiver of sovereign immunity, allowing suits to be brought against a governmental entity in limited circumstances. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.021, 101.022, 101.025(a) (West 2005). Accordingly, the Hospital is immune from suit unless Simmons has pleaded facts demonstrating a waiver of immunity under the Texas Tort Claims Act. *See City of Denton v. Van Page*, 701 S.W.2d 831, 834 (Tex. 1986).

### *Does sovereign immunity bar the patient-claimant's claims?*

In its first two issues, the Hospital asserts that the trial court erred by denying its plea to the jurisdiction because Simmons failed to establish waiver of sovereign immunity for his claims under the Texas Tort Claims Act. A plea to the jurisdiction challenges a trial court's subject matter jurisdiction. *City of Dallas v. Carbajal*, 324 S.W.3d 537, 538 (Tex. 2010) (per curiam). Whether a court has jurisdiction is a question of law that is reviewed de novo. *City of Elsa v. Gonzalez*, 325 S.W.3d 622, 625 (Tex. 2010) (per curiam). When a party has filed a plea to the jurisdiction challenging the pleadings, a reviewing court construes the pleadings liberally in favor of the pleader and looks to the pleader's intent. *See Tex. Dep't of Parks and Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004). If the facts alleged affirmatively demonstrate the trial court's jurisdiction to hear the cause, the plea to the jurisdiction must be denied. *See id.* If the pleadings do not contain sufficient facts to demonstrate affirmatively the trial court's jurisdiction, but do not demonstrate incurable defects in the jurisdiction, the issue is one of pleading sufficiency and the claimant should be afforded an opportunity to amend. *See id.* If the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing an opportunity to amend. *See id.* at 227.

As reflected in the live pleadings, Simmons alleged that the Hospital was negligent in the following ways:

4

> (a) failing to properly train, staff, and credential its physicians;
>
> (b) failing to properly train, staff, and credential its staff and nurses;
>
> (c) failing to safeguard the bone flap;
>
> (d) failing to develop and implement proper procedures for safeguarding the bone flap;
>
> (e) failing to ensure that the Hospital's employees follow proper policies and procedures.

Simmons has alleged that his claims fall within the waiver of immunity provided in section 101.021(2) of the Texas Civil Practice and Remedies Code. This section, entitled "Governmental Liability," provides that a governmental unit in the state is liable for "personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(2) (West 2011). To successfully plead a claim within the waiver of sovereign immunity under section 101.021(2), Simmons had to allege that his injuries were proximately caused by a condition or use of tangible personal or real property and that the Hospital, if it were a private person, would be liable to him under Texas law. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(2); *Wise Regional Health Sys. v. Brittain*, 268 S.W.3d 799 (Tex. App.—Fort Worth 2008, no pet.).

The Hospital claims that Simmons did not allege negligent use of tangible personal property within the purview of section 101.021(2). Presuming for the sake of argument that a bone flap is tangible personal property,[1] none of Simmons's allegations are based upon a negligent use of tangible personal property. *See King*, 329 S.W.3d at 880 (concluding that allegations of "failure to develop, employ, monitor, and follow" policies and procedures, "failure to assure the competence of medical staff," "failure to monitor and oversee quality treatment rendered by medical staff," and "failure to assure

---

[1] *See Dominguez v. City of San Antonio*, No. 10-06-00109-CV, 2007 WL 613792, at *3 (Tex. App.—Waco Feb. 28, 2007, no pet.) (mem. op.) (concluding that bodily remains do not constitute personal property for which a party may sue the state).

5

competence of the medical staff," among other claims, are not allegations under section 101.021(2) for which sovereign immunity is waived); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(2). "Use" has been defined as "to put or to bring into action or service; to employ for or apply to a given purpose." *See Tex. Dep't of Criminal Justice v. Miller*, 51 S.W.3d 583, 588 (Tex. 2001). Simmons claims that the Hospital's actions amounted to misuse within the waiver of immunity provided in section 101.021(2).[2] For misuse to be pleaded within the waiver of immunity, the nexus between condition or use of the property and the injury requires more than involvement of the property; the condition or use actually must cause the injury. *See Dallas Cnty. Mental Health & Mental Retardation v. Bossley*, 968 S.W.2d 339, 343 (Tex. 1998). Additionally, property does not cause the injury if it does nothing more than furnish the condition that makes the injury possible. *See Miller*, 51 S.W.3d at 588; *Bossley*, 968 S.W.2d at 343. But, Simmons's pleadings do not amount to a claim of use or misuse; claims that involve failure to use and non-use are not within the waiver provided in section 101.021(2). *See Miller*, 51 S.W.3d at 587–88. Sovereign immunity is not waived under section 101.021(2) for injuries proximately caused by the negligent failure to act or failure to use property. *See Miller*, 51 S.W.3d at 587; *King*, 329 S.W.3d at 881 & n.5.

Although normally a claimant should be afforded an opportunity to amend pleadings, when pleadings affirmatively negate the existence of jurisdiction they are considered incurably defective and cannot be cured by a claimant's assertion of more detailed facts. *See King*, 329 S.W.3d at 881. Simmons has failed to plead sufficient factual allegations that the negligent use of tangible property by a state employee caused his injuries within the waiver of sovereign immunity contained in section 101.021(2).

---

[2] Simmons relies on *Univ. of Tex. Medical Branch at Galveston v. Malveaux*, No. 14-09-00878-CV, 2010 WL 2968021, at *3 (Tex. App.—Houston [14th Dist.] Jul. 29, 2010, pet. denied) (mem. op.). In that case the court concluded that a patient's claims that "misuse of equipment in excising tissue," "using improper pattern to excise tissue," and "failure to properly use supplies" did not involve use of tangible personal property within the waiver of immunity contemplated by the Tort Claims Act. *See id.* at *3–4. The case does not support Simmons's claim of misuse.

6

*See King*, 329 S.W.3d at 881. Simmons's allegations are incurably defective; therefore, Simmons cannot cure the defects by pleading more detailed facts to support his assertion that his injuries were caused by the acts or omissions such as those listed above. *See id.*

When suit is barred by governmental immunity, dismissal with prejudice for want of jurisdiction is proper. *Liberty Mutual Ins. Co. v. Sharp*, 874 S.W.2d 736, 739 (Tex. App.—Austin 1994, no writ). The trial court erred in denying the Hospital's plea to the jurisdiction and in failing to dismiss Simmons' claims. We sustain the Hospital's first issue.

Through our disposition of the Hospital's first issue, we have determined the trial court has no subject matter jurisdiction over the claims in this case. Thus, it is unnecessary to address the Hospital's remaining issues. For the forgoing reasons, we reverse the trial court's order and render judgment dismissing Simmons's claims for want of subject matter jurisdiction.


/s/      Kem Thompson Frost
         Justice


Panel consists of Justices Frost, Seymore, and Jamison.

7