Opinion issued December 6, 2018



In The

# Court of Appeals

For The

# First District of Texas

————————————————

## NO. 01-17-00984-CV

————————————————

### ALCO REALTY, Appellant

### V.

### COASTAL HORIZONS INVESTMENT, LLC; SUDHOFF PROPERTIES OF HOUSTON, LLC; SUDHOFF PARTNERSHIP GP, LLC; SUDHOFF PARTNERSHIP, LP; AND JACOB SUDHOFF, Appellees

On Appeal from the 215th District Court
Harris County, Texas
Trial Court Case No. 2016-72167-A

## MEMORANDUM OPINION

In this case, a commercial broker claims that it is owed a real estate commission. The broker's client did not buy property within the time frame and the market area circumscribed by their representation agreement.

The broker sued the client and other entities associated with a later real estate purchase. The trial court granted summary judgment. The broker appeals, contending that the trial court erred in considering the no-evidence grounds before an adequate time for discovery had passed and in striking several summary judgment exhibits. We affirm.

## BACKGROUND

Alco Realty, the real estate broker, sued its client, Coastal Horizons Investment, LLC, and Coastal Horizons' principal, Jacob Sudhoff. Alco also sued Commonwealth Commons, LP, Sudhoff Properties of Houston, LLC, Sudhoff Partnership GP, LLC, and Sudhoff Partnership, LP. Alco alleged that Coastal Horizons was liable to it for breach of contract, quantum meruit, and fraud. It sued the remaining defendants as "related entities," and claimed that they were directly or vicariously liable to Alco for breach of the representation agreement.

The seeds of the dispute were planted in the fall of 2013, when Coastal Horizons engaged Alco as its broker. Coastal Horizons and Alco executed a Commercial Buyer/Tenant Representation Agreement on a form promulgated by the Texas Association of Realtors. The agreement granted Alco the exclusive right to act as Coastal Horizons' real estate agent within the Hyde Park neighborhood of Montrose. The agreement provided that Coastal Horizons, as the "Client," would pay Alco, as the "Broker," a 4.3% commission on the gross sales price of any

2

property Coastal Horizons acquired during the period between November 13, 2013 and May 13, 2014.

The agreement bound Coastal Horizons, as well as its "heirs, administrators, executors, successors, and permitted assigns." A related-party clause further provided:

> If Client does not acquire a property under this agreement, but a related party of Client acquires [within the applicable periods under this agreement] a property that Broker brings to Client's attention, Broker will be entitled to all compensation under this agreement as if Client had acquired property. "Related party" means any assignee of Client, any family member or relation of Client, any officer, director, or partner of Client, any entity owned or controlled, in whole or part, by Client, and any entity that owns or controls Client, in whole or part.

While the agreement was in force, Alco told Coastal Horizons about a prospective property in the area. Shortly after the expiration of the Coastal Horizons agreement, Commonwealth Commons bought the property. It paid a $50,000 broker's commission to Sudhoff Properties and nothing to Alco.

Alco filed its suit in October 2016. The parties and the trial court signed a docket control order on January 23, 2017. The order required the parties to complete discovery by May 30, 2018.

All the defendants except Commonwealth Commons (collectively, the Sudhoff entities) moved for summary judgment against Alco. The Sudhoff entities moved for a traditional and a no-evidence summary judgment on October 30, 2017.

3

Alco responded in opposition to the motion on November 27, 2017. On the same date, the Sudhoff entities objected to the affidavit of Estévan Orozco that accompanied Alco's response to the Sudhoff entities' motion, and they moved to strike Alco's summary-judgment exhibits. The trial court sustained the objections and granted the motion to strike. The trial court then granted the summary-judgment motion and severed the claims against the Sudhoff, making the summary judgment final as to these parties and claims.

## PROPRIETY OF SUMMARY JUDGMENT

### A. Standard of review

We review summary judgments de novo. *See City of Richardson v. Oncor Elec. Delivery Co.*, 539 S.W.3d 252, 258 (Tex. 2018). When the trial court grants summary judgment without specifying the grounds for granting the motion, as it did in this case, we affirm its judgment if any one of the grounds is meritorious. *Cmty. Health Sys. Prof'l Servs. Corp. v. Hansen*, 525 S.W.3d 671, 680 (Tex. 2017).

To prove entitlement to summary judgment on traditional grounds, the movant bears the burden of showing that no genuine issue of material fact exists and that the trial court should grant judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Oncor Elec.*, 539 S.W.3d at 258–59. To meet this burden, the movant must conclusively negate at least one essential element of each of the nonmovant's causes of action or conclusively prove all the elements of an affirmative defense. *KCM Fin. v.*

*Bradshaw*, 457 S.W.3d 70, 79 (Tex. 2015). A matter is conclusively proved if reasonable people could not differ as to the conclusion to be drawn from the evidence. *See City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005).

If the movant meets its burden, then the burden shifts to the nonmovant to raise a genuine issue of material fact precluding summary judgment. *See Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995). Summary-judgment evidence raises a fact issue if reasonable and fair-minded jurors could differ in their conclusions in light of the evidence presented. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007) (per curiam). When reviewing the grounds for summary judgment, we take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Sommers for Ala. & Dunlavy, Ltd. v. Sandcastle Homes*, 521 S.W.3d 749, 754 (Tex. 2017).

A party may move for no-evidence summary judgment after an adequate time for discovery has passed. TEX. R. CIV. P. 166a(i). A trial court must grant a no-evidence motion for summary judgment if the movant identifies one or more elements of a claim or defense for which the nonmovant would have the burden of proof at trial and the nonmovant produces no admissible evidence raising a genuine issue of material fact as to each challenged element. *See id.*; *Lockett v. HB Zachry Co.*, 285 S.W.3d 63, 67 (Tex. App.—Houston [1st Dist.] 2009, no pet.); *see also*

5

*Essex Crane Rental Corp. v. Carter*, 371 S.W.3d 366, 383 (Tex. App.—Houston [1st Dist.] 2012, pet. denied) (explaining that summary-judgment evidence must be presented in form that would be admissible at trial). To defeat a contention that the nonmovant has no evidence of a cause of action, the nonmovant must adduce more than a scintilla of evidence raising a genuine issue of material fact as to each challenged element. *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (2005). "Unless the respondent produces summary judgment evidence raising a genuine issue of material fact, the court must grant the motion." *Id.*

## B. Adequate time for discovery

Alco first contends that the trial court should have allowed additional time for discovery to disentangle the relationships between the defendant entities. "[T]he determination of whether there has been adequate time for discovery lies within the trial court's discretion. *Univ. of Tex. M.D. Anderson Cancer Ctr. v. King*, 329 S.W.3d 876, 884 (Tex. App.—Houston [14th Dist.] 2010, pet. denied). We review that determination on a case-by-case basis to decide whether the trial court acted within its discretion. *McInnis v. Mallia*, 261 S.W.3d 197, 201 (Tex. App.—Houston [14th Dist.] 2008, no pet.).

When a party claims that it lacked an adequate opportunity for discovery before a no-evidence summary judgment hearing, that party must explain the need for further discovery in a verified motion for continuance or alert the trial court that

it needs additional discovery through an affidavit. TEX. R. CIV. P. 166a(g); *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 161 (Tex. 2004). The affidavit must detail facts explaining why the continuance is necessary. *Carter v. MacFadyen*, 93 S.W.3d 307, 310 (Tex. App.—Houston [14th Dist.] 2002, pet. denied) (citing *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. CBI Indus.*, 907 S.W.2d 517, 520–22 (Tex. 1995)); *see also Duerr v. Brown*, 262 S.W.3d 63, 78 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (movant must state what requested discovery "would demonstrate or how this information would assist [movant] or the court").

In the trial court, Alco did not move for a continuance, submit an affidavit that explained its need for additional discovery, or otherwise object to the timing of the motion's submission in its response. *See* TEX. R. APP. P. 33.1. On appeal, Alco relies on *Castillo v. Mizpah Residential Care*, No. 13-12-00719-CV, 2014 WL 2159255 (Tex. App.—Corpus Christi May 22, 2014, pet. denied) (mem. op.), to contend that the trial court should have continued the motion. In *Castillo*, the trial court granted a motion for continuance, extending the discovery period for five more months. *See id.* at *1. The trial court nevertheless granted summary judgment four months before the extended discovery period ended. *Id.* The Corpus Christi Court of Appeals observed that the trial court was not required to postpone submission of the summary-judgment motion to the end of the discovery period. *Id.* at *9. The appellate court, however, interpreted the trial court's extension of the discovery

period in the new scheduling order as an implied finding that there had not been adequate time for discovery. *Id.* at \*7.

Unlike the *Castillo* plaintiffs, Alco did not move for a continuance of the summary-judgment motion or otherwise request time to conduct additional discovery. Because Alco failed to move for a continuance or object to the timing of the summary-judgment motion's submission, we hold that Alco failed to preserve this issue for appellate review. *See* TEX. R. APP. P. 33.1.

## C.     Order striking summary-judgment evidence

Alco challenges the trial court's ruling granting the Sudhoff entities' motion to strike several exhibits appended to Alco's summary-judgment response. Alco did not file a response to the motion to strike, request a hearing on the Sudhoff entities' objections to that evidence, or move for a new trial; this complaint thus is not preserved for our review. *See* Tex. R. App. P. 33.1. Alco also waived this complaint by failing to cite to any authority in support of its contention. *See* TEX. R. APP. P. 38.1.

Alco raises no further issue challenging the propriety of the trial court's grant of summary judgment on no-evidence grounds. Accordingly, we hold that the trial court did not err in granting summary judgment on no-evidence grounds.

## CONCLUSION

We affirm the judgment of the trial court.


                                        Jane Bland
                                        Justice

Panel consists of Chief Justice Radack and Justices Jennings and Bland.