# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-21-00082-CV

---

### Texas Commission on Environmental Quality, Appellant

### v.

### Union Pacific Railroad Company; Jesse L. Myrow; and Wesley R. Myrow, Appellees

---

### FROM THE 250TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-17-003918, HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

The Texas Commission on Environmental Quality (TCEQ) filed this interlocutory appeal from an order denying its "Traditional Motion for Partial Summary Judgment on Unreviewable Agency Acts and Response Costs" in its cost-recovery suit under the Texas Solid Waste Disposal Act against Union Pacific Railroad Company, Jesse L. Myrow, and Wesley R. Myrow. In the suit, TCEQ seeks to recoup $1,697,548.73 in public funds that it incurred to remediate environmental contamination at a site in Nacogdoches County.[1] *See* Tex. Health & Safety Code § 361.197. TCEQ's motion for partial summary judgment raised jurisdictional

---

[1] Other parties to the cost-recovery suit—William F. Woodward (deceased), Sue H. Woodward, Donald L. Shoemaker, and Marsha L. Shoemaker—were either severed from the suit or finalizing a settlement before seeking severance and are not parties to this appeal. *See Texas Comm'n on Env't Quality v. Union Pac. R.R.*, No. 03-21-00082-CV, 2022 Tex. App. LEXIS 895, at *2-3 (Tex. App.—Austin Feb. 3, 2022, order) (granting unopposed joint motion to lift stay and allowing district court's severance of action between TCEQ and Shoemakers and entry of their proposed agreed final judgment).

challenges to certain defenses pleaded by Union Pacific and the Myrows questioning the reasonableness, propriety, and necessity of TCEQ's acts, including proposing the site for listing on the state Superfund registry and cleaning up the site. TCEQ requested that the district court "dismiss" the paragraphs containing those defenses from the parties' answers. By denying TCEQ's motion for partial summary judgment, the district court declined to do so.

In its only appellate issue, TCEQ contends that those paragraphs should have been dismissed from the parties' answers because the district court lacks jurisdiction to review the agency's decisions in proposing a site for listing on the state Superfund registry and conducting a removal of contaminated soil. TCEQ requests that we reverse the district court's order and render judgment "dismissing the affirmative defenses" as to the TCEQ's decisions. Union Pacific and the Myrows contend that this is an unauthorized interlocutory appeal and request its dismissal for want of jurisdiction. For the following reasons, we agree that we lack jurisdiction over this interlocutory appeal and will dismiss it.

## BACKGROUND[2]

This case arises out of the TCEQ's 2011 cleanup of hazardous waste at Woodward Industries, Inc., a former state Superfund site that had previously functioned as wood-treatment facility in Nacogdoches County. After discovering that the soil at the site was contaminated with pentachlorophenol, TCEQ proposed the site for listing on the registry of state Superfund sites. *See* Tex. Comm. on Env't Quality, Notice of Meeting on April 5, 2007, in

---

[2] We discuss only the background and arguments concerning TCEQ's cost-recovery claims against Union Pacific and the Myrows.

Nacogdoches, Tex. Concerning the Woodward Indus., Inc. Site, 32 Tex. Reg. 1139, 1139 -40 (2007).

TCEQ contends that on February 27, 2007, it notified the Myrows, as "potentially responsible parties,"[3] of the site's contamination and its proposed listing on the state Superfund registry and that TCEQ provided the Myrows with an opportunity to fund or conduct a remedial investigation. Receiving no offer to fund or conduct a remedial investigation, TCEQ conducted the study itself in 2009. *See* Tex. Health & Safety Code § 361.185(b).

TCEQ contends that on June 2, 2011, after conducting the remedial investigation, it notified the potentially responsible parties identified by that time, the Myrows and Union Pacific,[4] of the need to conduct a removal action and provided them with an opportunity to fund or conduct the removal action. Receiving no offer to fund or conduct the removal action, TCEQ published notice of its intent to clean up the site. *See* Tex. Comm. on Env't Quality, Notice of Woodward Indus., Inc. Proposed State Superfund Site, 36 Tex. Reg. 3639, 3639 (2011). TCEQ notes that it is authorized to conduct a removal action without a formal administrative order when the site to be cleaned up is eligible for listing on the state Superfund registry and either:

---

[3] The Texas Administrative Code defines a "[p]otentially responsible party" as "[a] person potentially responsible for solid waste as defined in Texas Health and Safety Code, § 361.271 and § 361.275(g)." 30 Tex. Admin. Code § 335.342(14) (Tex. Comm'n on Env't Quality, Definitions). Under those statutes, persons responsible for solid waste include current and former owners of solid waste facilities, as well as arrangers and transporters of solid waste. Tex. Health & Safety Code § 361.271(a). "Hazardous waste" is a type of solid waste. *Id.* § 361.003(12).

[4] TCEQ did not identify Union Pacific as a potentially responsible party in 2007, when the Myrows were notified of the site's proposed listing and given an opportunity to conduct a remedial investigation. TCEQ contends that it identified Union Pacific as a potentially responsible party "in Spring of 2011" and that it notified Union Pacific of its status as a potentially responsible party and TCEQ's intent to conduct the removal action by letters in April, May, and June of 2011.

(1) immediate action is appropriate to protect human health or the environment and there is a substantial likelihood that the cleanup or removal will prevent the site from needing to be listed, or (2) a cleanup or removal can be completed without extensive investigation and planning and will achieve a significant cost reduction for the site. *See* Tex. Health & Safety Code § 361.133(g). TCEQ subsequently removed hazardous waste from the site in 2011.

**TCEQ files its cost-recovery suit and Union Pacific and the Myrows file answers**

In 2017, TCEQ filed a cost-recovery suit against Union Pacific and the Myrows, pleading that it spent $1,697,548.73 to clean up the site's hazardous-waste contamination. Union Pacific and the Myrows filed answers raising various defenses, including that TCEQ: (1) was not excused from obtaining a "final agency/administrative order" before beginning the removal action at issue because there was not any "immediate threat (and/or emergency) to life, property, health, safety and/or the environment"; (2) "did not achieve any cost savings and/or cost reduction because of its improper and/or premature actions"; and (3) failed to mitigate its damages. Additionally, Union Pacific and the Myrows denied that TCEQ's "remediation costs/damages are reasonable, appropriate, and/or necessary."

Union Pacific pleaded further that: (1) "TCEQ did not properly conduct the Hazard Ranking System Score" and "improperly scored the Site"; (2) the removal was conducted only after there had been extensive investigation and planning; (3) "TCEQ did not appropriately determine that no funds from potentially responsible parties, the federal government, and/or third parties were available"; and (4) TCEQ "failed to provide proper/adequate notice to Union Pacific, which is a condition precedent to this action and renders the TCEQ's remediation activities unauthorized under the Texas Health and Safety Code and Texas Administrative

4

Code." In this regard, Union Pacific noted that TCEQ "allegedly began investigating the site in 2005, but [it] did not send any notice to Union Pacific until April 2011" and that Union Pacific had inadequate time to investigate TCEQ's claims. Alternatively, Union Pacific pleaded that TCEQ should not be entitled to recovery of any costs or expenses incurred before April 2011.

**TCEQ files motion for partial summary judgment challenging paragraphs in answers**

In 2020, TCEQ filed a motion for partial summary judgment contending that, through the challenged paragraphs in their answers, Union Pacific and the Myrows seek untimely judicial review of the agency's decisions to propose the site for listing on the state Superfund registry and to conduct a removal action. TCEQ's motion also contended that because Union Pacific and the Myrows did not "engage with the agency during the administrative process" and did not file a timely suit for judicial review under section 361.321 of the Health and Safety Code, any challenges that they could have raised were waived years ago, and the district court lacked jurisdiction to hear such challenges. *See* Tex. Health & Safety Code § 361.321(a) (providing that "[a] person affected by a ruling, order, decision, or other act of the commission may appeal the action" to Travis County district court).

Union Pacific and the Myrows filed responses to TCEQ's motion. The district court heard the motion for partial summary judgment and denied it. This appeal followed.

**DISCUSSION**

As a preliminary matter, Union Pacific and the Myrows contend that TCEQ's interlocutory appeal is outside this Court's appellate jurisdiction.[5] They note that although TCEQ characterizes its motion for partial summary judgment as a "plea to the jurisdiction"

---

[5] The Myrows' brief fully incorporated Union Pacific's brief, including this initial issue.

5

appealable under subsection 51.014(a)(8) of the Texas Civil Practice and Remedies Code, TCEQ sought a ruling on discrete legal issues related only to their pleaded defenses, not dismissal of any cause of action for lack of subject-matter jurisdiction. Thus, Union Pacific and the Myrows contend that because the TCEQ's motion for partial summary judgment did not function as a plea to the jurisdiction, the order denying the TCEQ's motion is not reviewable under subsection 51.014(a)(8), and this interlocutory appeal is unauthorized.

Whether we have jurisdiction to determine the merits of an appeal is a question of law that we review de novo. *In re Guardianship of Jones*, 629 S.W.3d 921, 924 (Tex. 2021) (citing *Bonsmara Nat. Beef Co., LLC v. Hart of Tex. Cattle Feeders, LLC*, 603 S.W.3d 385, 390 (Tex. 2020)). "As a general rule, appellate courts may consider appeals from interlocutory orders only when such power is conferred expressly by statute." *Crosstex Energy Servs., L.P. v. Pro Plus, Inc.*, 430 S.W.3d 384, 387-88 (Tex. 2014). Statutes authorizing interlocutory appeals are narrow exceptions to the general rule that appellate courts have jurisdiction over only final judgments. *Bonsmara*, 603 S.W.3d at 390. Subsection 51.014(a)(8) of the Texas Civil Practice and Remedies Code authorizes an interlocutory appeal from an order that "grants or denies a plea to the jurisdiction by a governmental unit as that term is defined in Section 101.001." Tex. Civ. Prac. & Rem. Code § 51.014(a)(8).

The "plea to the jurisdiction" identified in subsection 51.014(a)(8) "does not refer to a 'particular procedural vehicle,' but rather to the substance of the issue raised." *City of Magnolia 4A Econ. Dev. Corp. v. Smedley*, 533 S.W.3d 297, 299 (Tex. 2017) (quoting *Texas Dep't of Crim. Justice v. Simons*, 140 S.W.3d 338, 349 (Tex. 2004)). "It is the substance of the argument—that *the suit* should be dismissed for want of jurisdiction—and not the vehicle used that is determinative." *Barnes v. Harris County*, No. 14-18-00329-CV, 2019 Tex. App. LEXIS

9363, at *2 (Tex. App.—Houston [14th Dist.] Oct. 24, 2019, no pet.) (mem. op.) (emphasis added).  Consequently, "[subsection] 51.014(a)(8) allows an interlocutory appeal to be taken when 'the trial court denies the governmental entity's claim of no jurisdiction, whether it has been asserted by a plea to the jurisdiction, a motion for summary judgment or otherwise.'" *Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 549 (Tex. 2019) (quoting *Harris County v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004) and noting that Town contended that it was immune from suit on Swanson's declaratory-judgment claims).

"The purpose of a plea to the jurisdiction is to 'defeat a *cause of action* without regard to whether the claims asserted have merit.'"  *University of Tex. M.D. Anderson Cancer Ctr. v. McKenzie*, 578 S.W.3d 506, 512 (Tex. 2019) (emphasis added) (quoting *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000)).  "A plea to the jurisdiction challenges a trial court's authority to decide the subject matter of a specific *cause of action*."  *Wilson v. Community Health Choice Tex., Inc.*, 607 S.W.3d 843, 851 (Tex. App.—Austin 2020, pet. denied) (emphasis added) (citing *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225-26 (Tex. 2004)).  Thus, for example, our sister court concluded that the substance of a governmental unit's motion contending that there was no evidence that its employees made some negligent use of any tangible personal property proximately causing a claimant's injuries—thereby implicating a waiver of sovereign immunity for a tort *claim*—was a "plea to the jurisdiction," within the meaning of subsection 51.014(a)(8), and that the trial court's ruling on that motion was properly challenged in an interlocutory appeal.  *See University of Tex. M.D. Anderson Cancer Ctr. v. King*, 329 S.W.3d 876, 883 (Tex. App.—Houston [14th Dist.] 2010, pet. denied).  On the other hand, we concluded that the substance of a motion that did not challenge the trial court's jurisdiction as to any *causes of action*, but rather, the parties'

7

"contentions" explaining their entitlement to a partial or complete tax refund, was not a "plea to the jurisdiction" and the denial of that motion was not an appealable interlocutory order. *See Hegar v. Sacolo, Ltd.*, Nos. 03-19-00707-CV & 03-19-00708-CV, 2020 Tex. App. LEXIS 1704, at *3-5 (Tex. App.—Austin Feb. 28, 2020, no pet.) (mem. op.).

In deciding whether we have jurisdiction over an interlocutory appeal, we analyze the nature of the motion to determine whether it constitutes a plea to the jurisdiction. *See id.* at *2. Here, the substance of TCEQ's motion for partial summary judgment did not attempt to defeat any cause of action without regard to its merit. *Cf. McKenzie*, 578 S.W.3d at 512. TCEQ's motion did not contend that the district court's lack of jurisdiction warranted dismissal of the underlying suit. *Cf. Barnes*, 2019 Tex. App. LEXIS 9363, at *2. Nor did TCEQ's motion challenge the district court's authority to decide the subject matter of any cause of action. *Cf. Wilson*, 607 S.W.3d at 851. Instead, TCEQ's motion for partial summary judgment challenged certain defenses that Union Pacific and the Myrows raised in their answers to TCEQ's cost-recovery suit against them. TCEQ's motion recited only the standard for granting summary-judgment motions and requested that the district court dismiss the complained-of paragraphs from the defendants' answers. Neither the substance nor purpose of TCEQ's motion show that it was, effectively, a plea to the jurisdiction, and this motion may not be recast as a plea to the jurisdiction on appeal to allow interlocutory review of the district court's ruling.

We conclude that the substance of TCEQ's motion for partial summary judgment—which did not challenge the district court's authority to decide any specific causes of action, did not attempt to defeat any cause of action, did not seek dismissal of the underlying suit for want of jurisdiction, and challenged only certain defenses that Union Pacific and the Myrows pleaded as to TCEQ's claims in a suit that TCEQ initiated against them—is not a plea to the

8

jurisdiction and that subsection 51.014(a)(8) does not confer interlocutory appellate jurisdiction in this matter. *See* Tex. Civ. Prac. & Rem. Code § 51.014(a)(8).

## CONCLUSION

We dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f).

_____

Gisela D. Triana, Justice

Before Chief Justice Byrne, Justices Triana and Kelly

Dismissed for Want of Jurisdiction

Filed: April 7, 2022