

## NUMBER 13-12-00719-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

---

**ENRIQUETA CASTILLO, ET AL.,**          **Appellants,**

**v.**

**MIZPAH RESIDENTIAL CARE,**
**D/B/A LA FAMILIA ADULT DAY**
**CARE,**          **Appellee.**

---

### On appeal from the 445th District Court
### of Cameron County, Texas.

---

## MEMORANDUM OPINION

### Before Justices Benavides, Perkes, and Longoria
### Memorandum Opinion by Justice Longoria

Plaintiffs, Mario Alberto Castillo and Enriqueta Castillo, filed this suit against

defendants, Mizpah Residential Care d/b/a La Familia Adult Day Care ("Mizpah") and

Refugia L. Barrera, after plaintiffs were injured in a collision that occurred between two automobiles in Harlingen, Texas on November 11, 2009. At the time of the collision, plaintiffs were clients of Mizpah, a provider of adult day care services, which was transporting plaintiffs in a minivan. Barrera was driving a second vehicle in the opposite direction on East Grimes Street. It is undisputed that Barrera entered the intersection of East Grimes Street and 13th Street and was attempting to make a left turn onto 13th Street when her vehicle struck the left front side of Mizpah's van. Plaintiffs suffered serious personal injuries in the collision and were taken to a hospital for emergency medical care.

Plaintiffs subsequently sued Mizpah and Barrera. Plaintiffs settled their claims against Barrera for $40,000.00, leaving Mizpah as the only defendant. After the discovery period set by the trial court in its pretrial scheduling order had been completed, Mizpah moved for summary judgment in a hybrid motion in which it asserted both no evidence and traditional grounds. *See* TEX. R. CIV. P. 166a(c), (i). Thereafter, plaintiffs filed a verified motion for continuance seeking additional time to conduct further discovery. *See* TEX. R. CIV. P. 251. On June 25, 2012, the date originally scheduled for a jury trial, the trial court entered a new pretrial scheduling order that granted the relief plaintiffs requested in their verified motion for continuance by ordering the discovery period (previously concluded on May 25, 2012) reopened, extending the time for discovery until October 12, 2012, setting new pretrial deadlines, and setting November 13, 2012 as the new trial date. The order stated that "no further continuances" would be granted. *See* TEX. R. CIV. P. 166a(g).

2

Although the trial court granted the continuance for the express purpose of allowing additional discovery to be conducted, the trial court's order did not refer to or purport to continue or postpone the previously set submission date of August 8, 2012 for Mizpah's hybrid motion for summary judgment. *See id.* With leave of court, plaintiffs filed a late written response to the hybrid motion with evidence attached. *See* TEX. R. CIV. P. 166a(c). In their response, plaintiffs objected that Mizpah had moved for summary judgment on no evidence grounds "prematurely" in light of the continuance granted by the trial court on June 25, 2012. *See* TEX. R. CIV. P. 166a(i). Plaintiffs did not make a similar objection to the traditional grounds asserted in the motion. *See* TEX. R. CIV. P. 166a(c). Over plaintiffs' objections to the no evidence grounds, the trial court heard Mizpah's hybrid motion on August 21, 2012, and thereafter, it entered an order granting the motion in all respects. *See* TEX. R. CIV. P. 166a(c), (i).

On appeal, plaintiffs raise three issues, which we will reorder and address as five issues, in which they contend that the trial court erred in granting summary judgment for the following reasons: (1) there had not been adequate time for discovery when Mizpah moved for summary judgment on no evidence grounds; (2) Mizpah did not negate the alleged existence of its legal duty to exercise reasonable care while using its vehicle to transport disabled clients, such as plaintiffs, who were under its care and supervision as a provider of adult day care services; (3) Mizpah did not negate the element of proximate cause; (4) plaintiffs produced more than a scintilla of evidence that Mizpah's negligence caused plaintiffs to sustain serious personal injuries; and (5) there is a genuine issue of material fact regarding whether plaintiff Enriqueta Castillo was secured by a seat belt at the time of the collision.

3

For the reasons set forth in greater detail below, we reverse the trial court's summary judgment based on plaintiffs' first, second, and third issues. First, we agree that Mizpah moved for summary judgment on no evidence grounds before "adequate time for discovery" in violation of Rule 166a(i) of the Texas Rules of Civil Procedure. TEX. R. CIV. P. 166a(i) (authorizing a party to "move for summary judgment on the ground that there is no evidence" only "[a]fter adequate time for discovery"). Therefore, the trial court erred in granting the summary judgment on the no evidence grounds. *See id.* Second, by its traditional grounds for summary judgment, Mizpah did not negate the alleged existence of its duty to use reasonable care in transporting plaintiffs in its vehicle. *See* TEX. R. CIV. P. 166a(c). Third, by its traditional grounds for summary judgment, Mizpah did not negate the element of proximate cause. *See id.* Therefore, the trial court erred in granting the traditional summary judgment. *See id.* Accordingly, we reverse the summary judgment and remand the case to the trial court for further proceedings consistent with this opinion.[1]

## I. NO EVIDENCE SUMMARY JUDGMENT

In their first issue, plaintiffs contend that the trial court erred by granting summary judgment on the no evidence grounds Mizpah asserted in its hybrid motion because Mizpah moved for summary judgment on no evidence grounds before there had been "adequate time for discovery." TEX. R. CIV. P. 166a(i).[2]

**A. Applicable Law**

---

[1] Having concluded that plaintiffs have established reversible error by their first three issues, we do not reach plaintiffs' fourth or fifth issues. *See* TEX. R. APP. P. 47.1.

[2] When, as in this case, a "motion for summary judgment present[s] both no-evidence and traditional grounds, we first review the propriety of the summary judgment under the no-evidence standards of [R]ule 166a(i)." *Kalyanaram v. Univ. of Tex. Sys.*, 230 S.W.3d 921, 925 (Tex. App.—Dallas 2007, pet. denied).

4

"Under Rule 166a(i), a party may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial." *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005); *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002) ("To prevail on a no-evidence summary-judgment motion, a movant must allege that there is no evidence of an essential element of the adverse party's claim."). By filing a no evidence motion, the movant "shifts [the burden] to the . . . [non-movant] to present enough evidence to raise a genuine issue of material fact on the challenged elements." *Ham v. Equity Residential Mgmt. Servs., Corp.*, 315 S.W.3d 627, 631 (Tex. App.—Dallas 2010, pet. denied). "Unless the respondent produces summary judgment evidence raising a genuine issue of material fact, the court must grant the motion." *W. Invs., Inc.*, 162 S.W.3d at 550; *Landers v. State Farm Lloyds*, 257 S.W.3d 740, 746 (Tex. App.—Houston [1st Dist.] 2008, no pet.) ("Absent a timely response, a trial court must grant a no-evidence motion for summary judgment that meets the requirements of Rule 166a(i)."); *Michael v. Dyke*, 41 S.W.3d 746, 751 (Tex. App.—Corpus Christi 2001, no pet.) ("Failure to respond to a no-evidence motion is fatal.").

A party may move for summary judgment on no evidence grounds only "[a]fter adequate time for discovery." TEX. R. CIV. P. 166a(i). The official comment to Rule 166a(i) states that "[a] discovery period set by pretrial order should be adequate opportunity for discovery unless there is a showing to the contrary, and ***ordinarily*** a [no evidence] motion . . . would be permitted after the period ***but not before***." TEX. R. CIV. P. 166a(i) & cmt. (1997) (emphasis added). "This comment, unlike other notes and comments in the rules of civil procedure, was specifically intended to inform the construction and application of

5

the rule." *Aguirre v. Phillips Props., Inc.*, 111 S.W.3d 328, 344 (Tex. App.—Corpus Christi 2003, pet. denied) (op. on reh'g).

**B. Standard of Review**

"We review a trial court's determination that there has been an adequate time for discovery on a case-by-case basis, under an abuse-of-discretion standard." *McInnis v. Mallia*, 261 S.W.3d 197, 201 (Tex. App.—Houston [14th Dist.] 2008, no pet.). "[T]he determination of whether there has been adequate time for discovery lies within the trial court's discretion, not this Court's discretion." *Univ. of Tex. M.D. Anderson Cancer Ctr. v. King*, 329 S.W.3d 876, 884 (Tex. App.—Houston [14th Dist.] 2010, pet. denied).

"But the [trial] court is not vested with unlimited discretion . . . ." *Womack v. Berry*, 291 S.W.2d 677, 683 (Tex. 1956). Rather, the trial court "is required to exercise a sound and legal discretion within limits created by the circumstances of the particular case." *Id.*; *see also Iliff v. Iliff*, 339 S.W.3d 74, 81 (Tex. 2011) (same). The trial court must exercise its discretion to further "[t]he express purpose of the rule," *Womack*, 291 S.W.2d at 683, which in this instance, is to ensure that there is "adequate time for discovery" before a party moves for summary judgment on no evidence grounds. TEX. R. CIV. P. 166a(i). "[T]he ultimate purpose of discovery is to seek the truth, so that disputes may be decided by what the facts reveal, not by what facts are concealed." *In re Colonial Pipeline Co.*, 968 S.W.2d 938, 941 (Tex. 1998) (orig. proceeding) (quotations omitted). And the ultimate purpose of summary judgment is "to eliminate patently unmeritorious claims and untenable defenses." *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 n.5 (Tex. 1979).

"[T]he abuse of discretion standard generally 'insulates the trial judge's reasonable choice from appellate second guessing.'" *Samlowski v. Wooten*, 332 S.W.3d 404, 410 (Tex. 2011) (quoting W. Wendell Hall, *Standards of Review in Texas*, 38 ST. MARY'S L.J. 47, 62 (2006)). Thus, "[i]t is not enough that the court of appeals would have decided the dispute differently . . . ." *Id.* "[T]o find an abuse of discretion when factual matters are in dispute, the reviewing court must conclude that the facts and circumstances of the case extinguish any discretion in the matter." *Id.* (quotations omitted). "A trial court therefore abuses its discretion when it renders an arbitrary and unreasonable decision lacking support in the facts or circumstances of the case." *Id.* "Similarly, a trial court abuses its discretion when it acts in an arbitrary or unreasonable manner without reference to guiding rules or principles." *Id.*

"A reasonable error in judgment, however, is not an abuse of discretion." *Id.* at 411. Generally, "[i]f reasonable minds may differ . . . , no clear abuse of discretion is shown . . . ." *City of Pharr v. Tippit*, 616 S.W.2d 173, 176 (Tex. 1981).

**C. Relevant Facts**

Plaintiffs filed this suit against Mizpah and Barrera on October 26, 2010. On May 4, 2011, plaintiffs' counsel filed a suggestion of death stating that both plaintiffs had died. *See* TEX. R. CIV. P. 151 ("Death of Plaintiff"). On August 30, 2011, plaintiffs filed a motion for alternative service, which stated that "[s]ervice has been attempted unsuccessfully on . . . [Mizpah's] registered agent." *See* TEX. R. CIV. P. 106 ("Method of Service"). The motion incorporated by reference the affidavit of Roel Zamora, which was attached to the motion and stated that on March 28, 2011, Zamora attempted to serve Mizpah's registered agent at Mizpah's place of business. Zamora stated that he believed that the

7

registered agent was attempting to avoid service. On August 31, 2011, the trial court entered an order granting plaintiffs' motion for alternative service.

Mizpah was served with citation on September 15, 2011. Mizpah filed its original answer on October 7, 2011. On January 4, 2012, the trial court signed and entered a level three scheduling order stating, among other things, "that all parties must complete all discovery, including the supplementation of discovery answers, on or before May 25, 2012" and that "trial before a jury is set for June 25, 2012 at 9:00 a.m."

On April 2, 2012, Mizpah filed a combined motion to dismiss and motion for summary judgment, asserting traditional grounds based on the applicable statute of limitations and based on plaintiffs' purported lack of capacity. *See* TEX. R. CIV. P. 166a(c).

On April 24, 2012, plaintiffs, now acting by and through their legal heirs and the representatives of their respective estates, filed their first amended petition. *See* TEX. R. CIV. P. 151. Plaintiffs alleged negligence claims against Mizpah for the personal injuries they sustained in the collision that occurred on November 11, 2009. According to plaintiffs, their injuries were proximately caused by Mizpah's negligence in (1) failing to properly restrain plaintiffs with seat belts while transporting them in its vehicle while plaintiffs were under its care and supervision as a provider of adult day care services, (2) operating a motor vehicle at a speed greater than the speed at which a person of ordinary prudence would have operated the vehicle under the same or similar circumstances, and (3) failing to apply the brakes to the motor vehicle in a timely and prudent manner "and/or" wholly failing to apply the brakes to avoid the collision. Plaintiffs also asserted claims against Barrera, the driver of the second vehicle, for her alleged role in causing the collision.

8

Also on April 24, 2012, plaintiffs filed their response to Mizpah's combined motion to dismiss and motion for summary judgment. On May 8, 2012, plaintiffs filed a motion to dismiss their claims against Barrera on the grounds that the parties had settled those claims. On May 15, 2012, the trial court entered an order of dismissal only as to the claims asserted against Barrera, as requested by plaintiffs. On May 22, 2012, the trial court entered an order denying Mizpah's combined motion to dismiss and motion for summary judgment.

On May 25, 2012, plaintiffs filed their second amended petition. In addition to the allegations summarized above, plaintiffs made the new allegation that Mizpah was negligent in entering the intersection when it was not safe to do so. Plaintiffs also alleged that Mizpah failed to properly train and supervise its employee driver or the employee in charge of loading Mizpah's clients into its vehicle and securing them with seat belts.

On May 29, 2012, after the original discovery period had ended, Mizpah filed its second motion for summary judgment, a hybrid motion, arguing, *inter alia*, that there was no evidence that (1) plaintiffs were not wearing their seat belts at the time of the collision, (2) Mizpah was negligent, or (3) any negligence by Mizpah proximately caused plaintiffs' injuries. Mizpah also sought summary judgment on the basis that plaintiffs, both deceased, could not identify "what happened" during the collision. Mizpah argued further that plaintiffs could not produce any evidence that would be admissible in light of their purported failure to timely identify witnesses with knowledge of relevant facts. *See* TEX. R. CIV. P. 193.6 ("Failing to Timely Respond – Effect on Trial"). Although the case was

set for a jury trial to be held on June 25, 2012, a submission date of August 8, 2012 was set for Mizpah's hybrid motion.[3]

On June 7, 2012, plaintiffs filed a verified motion for continuance. *See* TEX. R. CIV. P. 251, 252. In the motion, plaintiffs asserted that Mizpah's "driver had made new allegations about the facts surrounding the accident which now require the [p]laintiffs to take his deposition and locate witnesses that [p]laintiffs believe will be able to impeach his testimony." Additionally, plaintiffs noted that Mizpah had filed an amended "petition to include a counter claim . . . based on Chapter[s] 9 and 10 of the Texas Civil Practice and Remedies Code, Section 13." According to plaintiffs, they had "not had adequate time to review the claims made therein, specifically . . . [Mizpah] is alleging that one of the parties, Mario Alberto Castillo was married." Therefore, plaintiffs argued, "[i]t is necessary that more investigation be done on this matter to obtain evidence to refute said allegations."

On June 25, 2012, the date of the original trial setting, the trial court entered a pretrial scheduling order stating, among other things, that the discovery period (previously concluded on May 25, 2012) would be reopened, the deadline to complete discovery

---

[3] The appellate record does not include a copy of any written order entered by the trial court setting a submission date of August 8, 2012 for Mizpah's hybrid motion. Thus, we are uncertain about when Mizpah obtained the setting. The record indicates that Mizpah may have obtained the setting on June 7, 2012. We take this from Mizpah's response to plaintiffs' motion for leave to file a late response to Mizpah's hybrid motion for summary judgment. Mizpah's response was verified in relevant part by Mizpah's attorney and stated that the setting was obtained on June 7, 2012, purportedly after the trial court granted plaintiffs' verified motion for continuance. However, the order that effectively granted plaintiffs' verified motion for continuance was not entered until June 25, 2012. To complicate the situation further, the order states that the new schedule was "ordered" on June 8, 2012. The order also states that it was "signed and entered" on June 25, 2012, and it bears a file-stamp date of June 25, 2012. Finally, we note that in the verified portion of its response, Mizpah related that it was the court coordinator, not the trial judge, who set the submission date of August 8, 2012 for Mizpah's hybrid motion.

10

would be extended until October 12, 2012, a trial before a jury would be set for November 13, 2012, and "no further continuances" would be granted.

On August 8, 2012, plaintiffs filed a written response to Mizpah's hybrid motion with evidence attached. In their response, plaintiffs objected to the no evidence grounds Mizpah asserted in its hybrid motion on the basis that they were "premature[]" because the new deadline to conduct discovery had not yet expired when Mizpah moved for summary judgment on the no evidence grounds. On August 9, 2012, Mizpah filed a letter brief stating, among other things, that "[i]t makes no difference that the prior discovery deadline of May 25, 2012 has been extended until October or that trial has been reset." Mizpah also pointed out that plaintiffs failed to file their summary judgment response and evidence seven days prior to the submission date. *See* Tex. R. Civ. P. 166a(c) ("Except on leave of court, the adverse party, not later than seven days prior to the day of hearing may file and serve opposing affidavits or other written response."). Mizpah requested that the trial court "not consider the response and evidence in ruling on the motion."

On August 15, 2012, plaintiffs filed a motion for leave, requesting the trial court's permission to file their response and evidence late. *See id.* Plaintiffs explained that their "failure to respond seven days prior to the submission date was not intentional or a result of conscious indifference but a result of a mistake." Mizpah filed a response the next day, arguing that the motion for leave should be denied. On August 21, 2012, the trial court entered an order granting plaintiffs' motion for leave. On the same day, the trial court considered Mizpah's hybrid motion and entered an order granting the motion in all respects.

**D. Discussion**

11

On appeal, plaintiffs contend that the trial court erred by granting summary judgment because Mizpah moved for summary judgment on no evidence grounds before the end of the new discovery period scheduled in the trial court's order entered on June 25, 2012. *See* TEX. R. CIV. P. 166a(i). As noted above, "the determination of whether there has been adequate time for discovery lies within the trial court's discretion, not this Court's discretion." *King*, 329 S.W.3d at 884. However, the trial court's discretion does not extend to "determining what the law is or applying the law to the facts." *See Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) ("A trial court has no 'discretion' in determining what the law is or applying the law to the facts."). In reviewing determinations of law, we give no deference to the trial court—the applicable standard of review is de novo. *See In re Labatt Food Serv., L.P.*, 279 S.W.3d 640, 643 (Tex. 2009) (orig. proceeding) ("Under an abuse of discretion standard, we defer to the trial court's factual determinations if they are supported by evidence, but we review the trial court's legal determinations de novo.").

In its pretrial scheduling order signed and entered on January 4, 2012, the trial court determined that the period ending on May 25, 2012 would be adequate time for discovery. *See* TEX. R. CIV. P. 166a(i) & cmt. ("A discovery period set by pretrial order should be adequate opportunity for discovery unless there is a showing to the contrary . . . ."). On May 29, 2012, after the scheduled discovery period had ended, Mizpah moved for summary judgment in a hybrid motion asserting both traditional and no evidence grounds. *See* TEX. R. CIV. P. 166a(c), (i). Thereafter, as set forth in footnote 3, the court coordinator set a submission date of August 8, 2012 for Mizpah's hybrid motion, even

12

though it appears that at that time, a jury trial was still technically scheduled for June 25, 2012.

Plaintiffs then sought and obtained a continuance to conduct further discovery regarding what happened during the collision. *See* TEX. R. CIV. P. 251. This discovery was reasonably calculated to obtain evidence responsive to Mizpah's hybrid motion, particularly, the no evidence grounds asserted in the motion. Specifically, plaintiffs sought to obtain evidence regarding statements made by the Mizpah employee who was operating its minivan at the time of the collision regarding what happened during the collision. Plaintiffs also requested additional time to locate other fact witnesses who could support their case.

On June 25, 2012, the date of the original trial setting, the trial court signed and entered a written pretrial scheduling order that reopened discovery, gave the parties until October 12, 2012 to complete discovery, set new pretrial deadlines, and reset the trial date to November 13, 2012. In its order, the trial court did not purport to continue or otherwise postpone the previously scheduled submission date of August 8, 2012 for Mizpah's hybrid motion. The order did not mention or refer to the motion. However, the order stated that "no further continuances" would be granted. *See* TEX. R. CIV. P. 166a(g).

Inherent in the trial court's order entered on June 25, 2012 is an implied finding that as of June 25, 2012, there had not been adequate time for discovery. *See* TEX. R. CIV. P. 166a(i). We defer to that finding because it is supported by the relevant facts and circumstances of the case as detailed above and as set forth in plaintiffs' verified motion for continuance. *See Iliff*, 339 S.W.3d at 81. Given the trial court's finding that there had not been adequate time for discovery as of June 25, 2012, it necessarily follows that there

13

could not have been adequate time for discovery roughly one month earlier, on May 29, 2012, when Mizpah moved for summary judgment on no evidence grounds. *See* TEX. R. CIV. P. 166a(i). The only reasonable conclusion supported by the record is that Mizpah moved for summary judgment on no evidence grounds before adequate time for discovery. *See id.* If so, the trial court erred by considering and granting the summary judgment on the no evidence grounds Mizpah asserted in the hybrid motion. *See id.*

We note that plaintiffs filed a late response to the hybrid motion, with leave of court, on August 8, 2012. In their response, plaintiffs advised the trial court that Mizpah had moved for summary judgment on no evidence grounds "prematurely" because it filed the hybrid motion on May 29, 2012. Plaintiffs pointed out that on June 25, 2012, the trial court granted plaintiffs' verified motion for continuance by entering a new pretrial scheduling order that, among other things, reopened the discovery period (previously concluded on May 25, 2012), extended the time for discovery until October 12, 2012, set various new pretrial deadlines, reset the trial date to November 13, 2012, and stated that "no further continuances" would be granted.

In a letter brief filed on August 9, 2012, Mizpah argued that "[i]t makes no difference that the prior discovery deadline of May 25, 2012 ha[d] been extended until October or that trial ha[d] been reset." Mizpah also argued that "there ha[d] been adequate time for discovery" because this "[s]uit ha[d] been on file more than 20 months and considerable written discovery ha[d] been propounded and answered." Mizpah's letter brief was not verified or supported by any affidavits.

On August 21, 2012, the trial court entered an order granting plaintiffs' motion for leave. On the same day, the trial court considered Mizpah's hybrid motion and plaintiffs'

14

response and entered an order granting the motion in all respects. Although the trial court's order stated that the motion was "granted in all respects," the basis for the trial court's ruling is unclear. In granting the summary judgment on the no evidence grounds asserted by Mizpah, we believe the trial court did one of two things: either it determined that there had been adequate time for discovery, contrary to its June 25, 2012 order, or it concluded that adequate time for discovery was not required. Again, because the rationale for the trial court's ruling is unclear, we will address both possibilities.

First, and most likely, in our view, the trial court might have determined that there had been adequate time for discovery, contrary to its June 25, 2012 order. This determination involves a factual inquiry that is "case-specific." *McClure v. Attebury*, 20 S.W.3d 722, 729 (Tex. App.—Amarillo 1999, no pet.). Courts have identified a number of nonexclusive factors that may be considered by the reviewing court in applying the abuse of discretion standard to this determination. *See King*, 329 S.W.3d at 884.[4] "In applying the abuse of discretion standard, reviewing courts defer to the trial court's factual determinations; a reviewing court does not engage in its own factual review, but decides whether the record supports the trial court's resolution of factual matters." *State v. $217,590.00 in United States Currency*, 18 S.W.3d 631, 633–34 (Tex. 2000). "If the

---

[4] *See McInnis v. Mallia*, 261 S.W.3d 197, 200 (Tex. App.—Houston [14th Dist.] 2008, no pet.) ("In considering whether the trial court permitted an adequate time for discovery, we consider the following factors: (1) the nature of the case, (2) the nature of the evidence necessary to controvert the no-evidence motion, (3) the length of time the case was active, (4) the amount of time the no-evidence motion was on file, (5) whether the movant had requested stricter deadlines for discovery, (6) the amount of discovery that already had taken place, and (7) whether the discovery deadlines in place were specific or vague."); *see also D.R. Horton-Tex. Ltd. v. Savannah Props. Assocs., L.P.*, 416 S.W.3d 217, 223 (Tex. App.—Fort Worth 2013, no pet.) (citing *McInnis* and listing the same seven factors); *In re Guardianship of Patlan*, 350 S.W.3d 189, 196 (Tex. App.—San Antonio 2011, no pet.) (same); *Univ. of Tex. M.D. Anderson Cancer Ctr. v. King*, 329 S.W.3d 876, 884 (Tex. App.—Houston [14th Dist.] 2010, pet. denied) (same).

record supports the trial court's evidentiary findings, the reviewing court is not at liberty to disturb them." *Id.* at 634.

As set forth in footnote 3, it appears that the court coordinator for the trial court set the August 8, 2012 submission date for Mizpah's hybrid motion. Ultimately, however, the decision to consider the no evidence grounds asserted in the motion rested with the trial court. And the trial court made that decision on August 21, 2012, after Mizpah's hybrid motion was submitted for decision and after plaintiffs filed their late response, with leave of court, objecting that Mizpah had moved for summary judgment on no evidence grounds "prematurely."

The apparent basis for the trial court's decision to consider the no evidence grounds asserted in Mizpah's hybrid motion was the letter brief Mizpah filed on August 9, 2012, in which counsel for Mizpah stated that "[i]t makes no difference that the prior discovery deadline of May 25, 2012 ha[d] been extended until October or that trial ha[d] been reset." Counsel also argued that "there ha[d] been adequate time for discovery" because this "[s]uit ha[d] been on file more than 20 months and considerable written discovery ha[d] been propounded and answered." We will address each of the foregoing assertions in our analysis.

As a preliminary matter, we disagree with counsel's assertion that "[i]t makes no difference that the prior discovery deadline of May 25, 2012 ha[d] been extended until October or that trial ha[d] been reset." Rule 166a(i) requires "adequate time for discovery" before a party may move for summary judgment on no evidence grounds. TEX. R. CIV. P. 166a(i). In this case, after Mizpah moved for summary judgment on no evidence grounds, plaintiffs filed a verified motion for continuance seeking additional time to conduct further

16

discovery. *See* TEX. R. CIV. P. 251. The Texas Supreme Court has identified this as a key factor when reviewing the adequacy of the time for discovery. *See, e.g.*, *Tenneco Inc. v. Enter. Prods. Co.*, 925 S.W.2d 640, 647 (Tex. 1996) ("When a party contends that it has not had an adequate opportunity for discovery before a summary judgment hearing, it must file either an affidavit explaining the need for further discovery or a verified motion for continuance.") (citing, *inter alia*, TEX. R. CIV. P. 166a(g)). Therefore, we consider plaintiffs' verified motion for continuance in our analysis, and we also take into consideration the fact that in response to plaintiffs' motion, the trial court entered a new pretrial scheduling order, reopened discovery, set a new discovery deadline, set other new pretrial deadlines, and reset the trial date—all to allow further discovery after the originally scheduled discovery period had ended and after Mizpah had moved for summary judgment on no evidence grounds. Based on the foregoing, we conclude that inherent in the trial court's June 25, 2012 order is an implied finding that there had not been adequate time for discovery when Mizpah moved for summary judgment on no evidence grounds on May 29, 2012. *See* TEX. R. CIV. P. 166a(i). Accordingly, we reject Mizpah's contention that "[i]t makes no difference that the prior discovery deadline of May 25, 2012 ha[d] been extended until October or that trial ha[d] been reset."

In its letter brief, Mizpah also argued that there had been adequate time for discovery because this "[s]uit ha[d] been on file more than 20 months" and "considerable" discovery had been propounded and answered. As noted above, Mizpah did not provide the trial court with any evidentiary support for these assertions. We recognize that the trial court was free to take judicial notice of the pleadings and could thereby determine how long the suit had been on file. *See Tex. Dep't of Pub. Safety v. Claudio*, 133 S.W.3d

17

630, 633 (Tex. App.—Corpus Christi 2002, no pet.) ("A court may properly take judicial notice of pleadings that have been filed."). However, counsel's statement that "considerable" discovery had been propounded and answered was conclusory and unsubstantiated by any evidence. Thus, it was not a valid basis for the trial court to exercise its discretion. *See Seung Ok Lee v. Ki Pong Na*, 198 S.W.3d 492, 495 (Tex. App.—Dallas 2006, no pet.) ("Unsubstantiated, conclusory allegations in a motion or in argument by counsel are insufficient."). As a result, we must decide whether the length of time the suit was on file was a sufficient basis for the trial court to determine that there had been adequate time for discovery when Mizpah moved for summary judgment on no evidence grounds on May 29, 2012.

In addressing this issue, we begin by noting that many, if not most, intermediate courts of appeals in Texas have "refused to read into the rule a bright-line requirement that the discovery period be completed before a no-evidence motion can be filed." *Dishner v. Huitt-Zollars, Inc.*, 162 S.W.3d 370, 376 (Tex. App.—Dallas 2005, no pet.). According to these courts, the language of the rule itself "reflects that a more flexible approach was intended." *Rest. Teams Int'l, Inc. v. MG Sec. Corp.*, 95 S.W.3d 336, 339 (Tex. App.—Dallas 2002, no pet.).[5] The rationale for this thinking is that the text of the rule requires "adequate time for discovery," not that discovery be completed. *See, e.g.*,

---

[5] One court noted that the approach was so flexible that "[n]o Texas appellate court has overturned a no-evidence summary judgment on the ground that adequate time for discovery had not passed." *Martinez v. City of San Antonio*, 40 S.W.3d 587, 591 (Tex. App.—San Antonio 2001, pet. denied). While that statement might have been true when it was made in 2001, such decisions have been rendered since that time. *See, e.g., Gutierrez v. Vermeer Mfg. Co.*, No. 14-08-00997-CV, 2010 WL 1486969, at *3 (Tex. App.—Houston [14th Dist.] April 15, 2010, no pet.) (mem. op.) (holding in a case that had been on file for a "significant amount of time," that the trial court erred by granting no evidence summary judgment because defendant moved for summary judgment twenty-nine days after plaintiff obtained a continuance to complete discovery and thus before adequate time for discovery).

18

*id.* ("Neither [R]ule 166a(i) nor the comment thereto states that the discovery period . . . must have ended before a no-evidence summary judgment may be granted.").

As noted above in footnote 4, courts have enumerated a nonexclusive list of factors that are relevant to the adequacy of the time for discovery; however, the length of time a suit was on file is not one of the factors specifically listed in the most frequently cited opinions. *See, e.g.*, *McInnis*, 261 S.W.3d at 200. Instead, the courts have considered "the length of time the case was active," which in some instances, will be different than the length of time the suit was on file. *See, e.g.*, *id.* However, we recognize that the factors identified by the courts are nonexclusive. Furthermore, in an appropriate case, the length of time the suit has been on file may be a relevant factor. *See McClure*, 20 S.W.3d at 730 (listing the date the suit was filed among other relevant factors). Some courts applying the nonexclusive list of factors have referred to the "period of time the case had been pending" and commented that "the rules do not mandate a minimum period of time a case must be pending before a [no evidence] motion may be filed." *See, e.g.*, *Rest. Teams Int'l*, 95 S.W.3d at 340.

Overall, however, in reviewing the adequacy of the time for discovery, the intermediate courts of appeals have considered the relevant facts and circumstances of the case, not merely the length of time the case has been on file or how long it has been active. *See, e.g.*, *Dickson Const., Inc. v. Fid. & Deposit Co. of Md.*, 5 S.W.3d 353, 357 (Tex. App.—Texarkana 1999, pet. denied) (considering the length of time the case has been active in the trial court and the nature of the evidence necessary to controvert the no evidence motion for summary judgment in determining that there was adequate time for discovery).

Although we believe this approach is correct, we also believe there is one factor in particular that "ordinarily" must be given more weight than the others. TEX. R. CIV. P. 166a(i) cmt. This is the discovery period scheduled by the trial court in a pretrial order. It is a uniquely significant factor. *See McInnis*, 261 S.W.3d at 203 ("Ordinarily, however, the deadline specified in the docket control order is the best indicator [of whether there has been adequate time for discovery]."). It is the only factor expressly mentioned in the official comment to Rule 166a(i). *See* TEX. R. CIV. P. 166a(i) cmt. Furthermore, affording due weight to this factor advances the fair and orderly administration of justice by giving effect to "[t]he express purpose of the rule," *Womack*, 291 S.W.2d at 683, which is to ensure that there is "adequate time for discovery" before a party moves for summary judgment on no evidence grounds. TEX. R. CIV. P. 166a(i). This approach also balances the "the ultimate purpose of discovery[, which] is to seek the truth," *In re Colonial Pipeline Co.*, 968 S.W.2d at 941, with the ultimate purpose of summary judgment, which is "to eliminate patently unmeritorious claims and untenable defenses." *City of Houston*, 589 S.W.2d at 678 n.5. "Adherence to the deadlines in the docket control order holds the most promise for meeting the parties' legitimate expectations for discovery and for promoting a fair and orderly development of the evidence." *See McInnis*, 261 S.W.3d at 203. Thus, although courts have cautioned that the court ordered discovery period is not a "conclusive measure" of the adequacy of the time for discovery, *see, e.g., id.*, it is "ordinarily" the best measure. TEX. R. CIV. P. 166a(i) cmt.[6]

---

[6] In 1997, when Rule 166a(i) was first promulgated, Chief Justice Thomas Phillips warned that there was "erroneous information" being circulated about the newly created no evidence motion for summary judgment:

> Much erroneous information about the operation and effects of the new rule has been bandied about in the legal press and at continuing legal education seminars, probably due to the timing of the rule change. The bench and bar should note that the burden will never

In the absence of evidence regarding the other relevant factors that could be used to make a showing to the contrary, we are persuaded that the discovery period scheduled by the trial court in its pretrial order entered on June 25, 2012 was an adequate time for discovery for purposes of Rule 166a(i). *See* TEX. R. CIV. P. 166a(i). In fact, the Texas Supreme Court has suggested that "the no-evidence rule, by its very language, is to be used *following* discovery." *Fort Brown Villas III Condo. Ass'n v. Gillenwater*, 285 S.W.3d 879, 882 (Tex. 2009) (emphasis added). This further supports our conclusion that in this case, the time set for discovery by the trial court in its pretrial scheduling order is the best measure of the adequacy of the time for discovery. *See* TEX. R. CIV. P. 166a(i) cmt.

The fact that the scheduling order was entered in response to plaintiffs' verified motion for continuance and after Mizpah filed its hybrid motion asserting no evidence grounds for summary judgment indicates that additional weight should be given to this particular factor. *See Gutierrez v. Vermeer Mfg. Co.*, No. 14-08-00997-CV, 2010 WL 1486969, at *3 (Tex. App.—Houston [14th Dist.] Apr. 15, 2010, no pet.) (mem. op.) (holding in a case that had been on file for a "significant amount of time," that the trial court erred by granting a no evidence summary judgment because the defendant moved for summary judgment twenty-nine days after plaintiff obtained a continuance to complete discovery and thus before adequate time for discovery). We note that none of the parties have argued that the trial court's order entered on June 25, 2012 was inappropriate or erroneous in any respect. Again, given that the trial court found that further discovery

shift to the non-movant to establish a fact issue until there has been an adequate opportunity for discovery, **which ordinarily will not occur until after the close of any court ordered discovery period.**

*See* Thomas R. Phillips, *Texas Supreme Court Update*, 60 TEX. B.J. 858, 861–62 (1997) (emphasis added).

was necessary in its June 25, 2012 order, there could not have been an adequate time for discovery when Mizpah moved for summary judgment on no evidence grounds on May 29, 2012.

Based on the foregoing, we conclude that in this case, the length of time the suit had been on file was not a sufficient basis for the trial court to determine that there had been adequate time for discovery when Mizpah moved for summary judgment on no evidence grounds on May 29, 2012. *See* TEX. R. CIV. P. 166a(i). Thus, to the extent that the trial court's ruling on August 21, 2012 was based on an implied finding that was contrary to the implied finding in its June 25, 2012 order, we conclude that the trial court abused its discretion in making the contrary finding on August 21, 2012 because it was not supported by the facts or circumstances of the case or by any evidence. *See Samlowski*, 332 S.W.3d at 410.

The second (and, in our view, less likely) possibility that we identified above as a potential rationale for the trial court's ruling was that the court might have concluded that an adequate time for discovery was not required before a party, such as Mizpah, could move for summary judgment on no evidence grounds. Again, it is unclear that this was the actual rationale for the trial court's ruling. However, we note that Rule 166a(i) leaves no room for discretion on this point. *See* TEX. R. CIV. P. 166a(i). A party may not move for summary judgment on no evidence grounds until "[a]fter adequate time for discovery." *Id.* Accordingly, to the extent that the trial court concluded otherwise, its decision was an error of law and thus an abuse of discretion. *See Walker*, 827 S.W.2d at 840.

In sum, we conclude that the trial court's order entered on June 25, 2012 established that there had not been adequate time for discovery when Mizpah moved for

22

summary judgment on no evidence grounds on May 29, 2012. Although it appears that the trial court subsequently revisited the issue on August 21, 2012, when it considered and granted the no evidence grounds Mizpah asserted in its hybrid motion over plaintiffs' objections, we conclude that its decision was an abuse of discretion because there was no basis in law or in fact to support a determination that there had been adequate time for discovery when Mizpah moved for summary judgment on no evidence grounds on May 29, 2012 or to support a conclusion that adequate time for discovery was not required before Mizpah could move for summary judgment on no evidence grounds. *See Samlowski*, 332 S.W.3d at 410; *Walker*, 827 S.W.2d at 840. Accordingly, we conclude that the trial court erred in granting the summary judgment on Mizpah's no evidence grounds. *See* TEX. R. CIV. P. 166a(i). We sustain plaintiffs' first issue.[7]

## II. TRADITIONAL SUMMARY JUDGMENT

In their second and third issues, plaintiffs contend that the trial court erred in granting the summary judgment on the traditional grounds Mizpah asserted in its hybrid

---

[7] We note that plaintiffs have not assigned error to the trial court's decision to consider the traditional grounds for summary judgment Mizpah asserted in its hybrid motion before the end of the newly scheduled discovery period set in response to plaintiffs' verified motion for continuance. According to Rule 166a(b), "[a] party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, **at any time**, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof." TEX. R. CIV. P. 166a(b) (emphasis added). However, under Rule 166a(g), the trial court may grant a continuance of a summary judgment proceeding or even deny a motion for summary judgment if it "appear[s] from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition." *See* TEX. R. CIV. P. 166a(g). Under such circumstances, the trial court has authority to "refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make any such other order as is just." *Id.* In their written response to Mizpah's hybrid motion, plaintiffs objected that Mizpah had asserted the no evidence grounds "prematurely," but plaintiffs did not make a similar objection to the traditional grounds asserted in the motion, even though the trial court had previously granted a continuance to allow for additional discovery to be conducted. *See* TEX. R. CIV. P. 166a(c) ("Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal."). Accordingly, we do not address whether it was proper for the trial court to consider the traditional grounds after granting the continuance because the issue was waived by plaintiffs' failure to object and by plaintiffs' failure to raise the issue on appeal.

23

motion because Mizpah did not negate the elements of duty or proximate cause with respect to plaintiffs' negligence claims. *See* TEX. R. CIV. P. 166a(c).

## A. Standard of Review

"To prevail on a traditional summary-judgment motion, a movant must show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law." *Sw. Elec. Power Co.*, 73 S.W.3d at 215. "The burden of proof is on the movant, and all doubts as to the existence of a genuine issue as to a material fact are resolved against him." *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.*, 391 S.W.2d 41, 47 (Tex. 1965). "In other words, the evidence must be viewed in the light most favorable to the party opposing the motion." *Id.*

"[A] motion for summary judgment must itself expressly present the grounds upon which it is made." *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex. 1993). "A motion must stand or fall on the grounds expressly presented in the motion." *Id.* "In determining whether grounds are expressly presented, reliance may not be placed on briefs or summary judgment evidence." *Id.* "Likewise, issues a non-movant contends avoid the movant's entitlement to summary judgment must be expressly presented by written answer to the motion or by other written response to the motion and are not expressly presented by mere reference to summary judgment evidence." *Id.* The Texas Supreme Court has explained in relevant part as follows:

> [S]ummary judgments must stand or fall on their own merits, and the non-movant's failure to except or respond cannot supply by default the grounds for summary judgment or the summary judgment proof necessary to establish the movant's right—the movant's right is not established and the movant must still assert grounds in the motion for summary judgment itself and establish its entitlement to summary judgment. While it would be prudent and helpful to the trial court for the non-movant always to file an exception, answer or response, the non-movant needs no exception,

24

answer or response to the motion to contend on appeal that the grounds expressly presented to the trial court by the movant's motion are insufficient as a matter of law to support the summary judgment. Even if the non-movant fails to except or respond, if the grounds for summary judgment are not expressly presented in the motion for summary judgment itself, the motion is legally insufficient as a matter of law.

*Id.* at 342 (quotations & citations omitted).

## B. Applicable Law

"The common law doctrine of negligence consists of three elements: 1) a legal duty owed by one person to another; 2) a breach of that duty; and 3) damages proximately resulting from the breach." *Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex. 1990); *see also Nabors Drilling, U.S.A., Inc. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009) ("Negligence actions in Texas require a legal duty owed by one person to another, a breach of that duty, and damages proximately caused by the breach.") (quotations omitted). "The threshold inquiry in a negligence case is duty." *Phillips*, 801 S.W.2d at 525. "The plaintiff must establish both the existence and the violation of a duty owed to the plaintiff by the defendant to establish liability in tort." *Id.* The existence of a legal duty is a question of law for the court to decide "from the facts surrounding the occurrence in question." *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995). The Texas Supreme Court has explained in relevant part as follows:

> In determining whether the defendant was under a duty, the court will consider several interrelated factors, including the risk, foreseeability, and likelihood of injury weighed against the social utility of the actor's conduct, the magnitude of the burden of guarding against the injury, and the consequences of placing the burden on the defendant. Of all these factors, foreseeability of the risk is the foremost and dominant consideration.

*Phillips*, 801 S.W.2d at 525 (quotations & citations omitted).

"Proximate cause consists of two elements: cause-in-fact and foreseeability." *Read v. Scott Fetzer Co.*, 990 S.W.2d 732, 737 (Tex. 1998). "The cause-in-fact element of proximate cause is met when there is some evidence that the defendant's act or omission was a substantial factor in bringing about injury without which the harm would not have occurred." *Id.* (quotations omitted). "In the context of proximate cause, foreseeability requires that a person of ordinary intelligence should have anticipated the danger created by a negligent act or omission." *Id.* "Foreseeability in the context of causation asks whether an injury might reasonably have been contemplated because of the defendant's conduct." *Id.* "Foreseeability does not permit simply viewing the facts in retrospect and theorizing an extraordinary sequence of events by which the defendant's conduct caused the injury." *Id.* "Rather, the question of foreseeability involves a practical inquiry based on common experience applied to human conduct." *Id.* (quotations omitted).

## C. Mizpah's Grounds for Traditional Summary Judgment

In its motion, Mizpah argued that "[t]he summary judgment evidence in this case conclusively establishes that the driver of . . . [Mizpah's] vehicle was not negligent and did not proximately cause the accident." Mizpah cited "[t]he police report from the scene of the accident[, which] indicates that Refugia Barrera, and not . . . [Mizpah's] driver . . . caused the accident." Mizpah argued that "because the only summary judgment evidence conclusively establishes that the driver for [Mizpah] . . . was not negligent and did not proximately cause the accident, [Mizpah] . . . is entitled to summary judgment on [plaintiffs'] . . . claims." Mizpah also argued that it "cannot be held liable, as a matter of law, for the allegation that [plaintiffs] . . . failed to wear a seatbelt." According to Mizpah,

"Section 545.41[3] of the Texas Transportation Code places the responsibility on the passenger, and not the driver, to use his or her seatbelt." Mizpah argued that "summary judgment must be granted because the evidence conclusively negates negligence by [Mizpah] . . . and that any negligence by [Mizpah] . . . proximately caused the accident or [p]laintiffs' alleged injuries."

## D. Discussion

As set forth above, in their second amended petition, plaintiffs alleged that they suffered personal injuries as the proximate result of several different negligent acts and omissions by Mizpah. Specifically, plaintiffs alleged that Mizpah was negligent in the following respects: (1) failing to properly restrain plaintiffs with seat belts while transporting plaintiffs in its vehicle while plaintiffs were under Mizpah's care and supervision as a provider of adult day care services, (2) operating a motor vehicle at a speed greater than the speed at which a person of ordinary prudence would have operated the vehicle under the same or similar circumstances, (3) failing to apply the brakes to the motor vehicle in a timely and prudent manner "and/or" wholly failing to apply the brakes to avoid the collision, (4) entering the intersection when it was not safe to do so, and (5) failing to properly train and supervise its employee driver or the employee in charge of loading its clients into its vehicle and securing them with seat belts.

In their written response to Mizpah's hybrid motion, plaintiffs acknowledged that Mizpah was purporting to rely on summary judgment evidence that Barrera was at fault for causing the collision. Although plaintiffs did not expressly state that they were abandoning their allegations that Mizpah's negligence caused the collision, they did state that the issue was "irrelevant." Plaintiffs stated that they were relying on the allegations

27

that Mizpah was negligent in failing to provide a "suitable" seat belt for plaintiff Mario Alberto Castillo and negligent in failing to "seat belt [plaintiff] Enriqueta Castillo, thus not safely transporting their clients making their injuries much worse [than] if they had in fact been seatbelted." Based on the foregoing, we conclude that Mizpah waived any error in the trial court's ruling as it related to the cause of the collision. *See* TEX. R. CIV. P. 166a(c) ("Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal.").

Thus, what remains are plaintiffs' allegations that (1) Mizpah, as a provider of adult day care services to disabled clients, such as plaintiffs, "had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein" by properly restraining plaintiffs while transporting them and by properly training and supervising the employees responsible for operating its vehicle, loading its clients into its vehicle, and securing its clients with seat belts; (2) Mizpah breached the duty it owed to plaintiffs; and (3) Mizpah's negligence proximately caused plaintiffs to suffer serious personal injuries.

In its hybrid motion, Mizpah argued that it had no duty to restrain plaintiffs with seat belts based on Section 545.413 of the Texas Transportation Code. *See* TEX. TRANS. CODE ANN. § 545.413 (West, Westlaw through 2013 3d C.S.). However, as plaintiffs pointed out in their written response, Section 545.413 does not purport to address whether Mizpah had a common law duty to restrain plaintiffs. *See id.* Under Section 545.413, it was not a traffic offense for Mizpah to fail to restrain plaintiffs with safety belts, but there is nothing in Section 545.413 that purports to dictate whether Mizpah had a common law duty to restrain plaintiffs. *See id.* Thus, Mizpah did not negate the alleged

28

existence of a legal duty based on its citation to Section 545.413, and the trial court erred in granting summary judgment on that basis. *See* TEX. R. CIV. P. 166a(c).

We hold that Mizpah did not negate the alleged existence of a legal duty, but we do not decide whether Mizpah actually had such a duty as a matter of law. We refrain from making that decision for three reasons. First, it is not necessary to final disposition of this appeal. *See* TEX. R. APP. P. 47.1. Second, the scope of our review is limited to the grounds for summary judgment expressly set out in the motion. *See McConnell*, 858 S.W.2d at 341. In its motion, Mizpah attempted to negate the existence of the legal duty alleged by plaintiffs by relying exclusively on Section 545.413 of the Texas Transportation Code, which as discussed above, does not purport to address the existence or non-existence of civil duties or common law liability for negligence in the factual circumstances presented by this case. *See* TEX. TRANS. CODE ANN. § 545.413. Given that this Court may not affirm or reverse the trial court's summary judgment on "issues [not] expressly set out in the motion or in an answer or any other response," TEX. R. CIV. P. 166a(c), we must limit our holding accordingly and express no opinion with respect to any grounds for summary judgment not expressly set out in Mizpah's motion. Third and finally, in the interests of judicial economy and judicial restraint, we believe the trial court should be given the opportunity to decide this issue in the first instance on remand with the benefit of full briefing by the parties. *See Burrow v. Ace*, 997 S.W.2d 229, 246 (Tex. 1999) ("[G]iven the difficult considerations involved, we believe it to be imprudent for us to decide the matter in the first instance without a full airing below.").

The second traditional ground for summary judgment Mizpah asserted in its motion was that its alleged negligence did not proximately cause plaintiffs' injuries because

Barrera, the driver of the second vehicle, was at fault for causing the collision, as indicated in the police report, which Mizpah submitted as summary judgment evidence. *See* TEX. R. CIV. P. 166a(c). As set forth above, however, in their response to Mizpah's motion, plaintiffs essentially abandoned their allegations that Mizpah was negligent in causing the collision. However, plaintiffs did not abandon their allegations that Mizpah was negligent in failing to properly restrain plaintiffs while transporting them and failing to properly train and supervise the employees responsible for operating its vehicle, loading its clients into its vehicle, and securing its clients with seat belts.

Mizpah did not attempt to affirmatively negate the element of proximate cause with respect to these allegations because it took the position that it owed plaintiffs no duty to restrain them with seat belts. In its motion, Mizpah did not address why there would be no proximate cause if the court were to decide that Mizpah had not negated the alleged existence of the legal duties set forth above. Rather, in the motion, Mizpah argued generally that the negligence of the other driver, not Mizpah, caused the collision and plaintiffs' injuries. The motion did not address plaintiffs' allegation that Mizpah's negligence in failing to restrain plaintiffs and failing to properly train and supervise its employees proximately caused plaintiffs to suffer serious personal injuries. Therefore, Mizpah failed to negate the element of proximate cause, and the trial court erred in granting summary judgment on this basis. *See id.*

Finally, we note that Mizpah also moved for summary judgment on the basis that there was no evidence that plaintiffs were not restrained by seat belts when the collision occurred. *See* TEX. R. CIV. P. 166a(i). Mizpah asserted this ground in both the no evidence and traditional sections of its hybrid motion. However, in making this assertion

30

in connection with its traditional grounds for summary judgment, Mizpah did not affirmatively state that plaintiffs were wearing their seat belts when the collision occurred and did not point out any evidence in the record to affirmatively establish that plaintiffs were wearing their seat belts when the collision occurred. *See* TEX. R. CIV. P. 166a(c). Mizpah argued only that there was no evidence that plaintiffs were not wearing their seat belts. *See* TEX. R. CIV. P. 166a(i).

Again, a summary judgment must "stand or fall on the grounds expressly presented in the motion." *McConnell*, 858 S.W.2d at 341. "In determining whether grounds are expressly presented, reliance may not be placed on briefs or summary judgment evidence." *Id.* Therefore, we may not search the record for evidence that plaintiffs were wearing their seat belts because, in its motion, Mizpah failed to assert that plaintiffs were wearing their seat belts and failed to identify any summary judgment evidence that would support such an assertion. *See id.*

Mizpah did not identify or discuss any evidence regarding whether plaintiffs were secured by safety belts. Mizpah merely asserted that plaintiffs could not identify what happened in the collision because they are both deceased. Mizpah also asserted that there was no evidence that plaintiffs were not restrained. To the extent that these assertions raised otherwise valid grounds for summary judgment, the trial court could not have properly granted the motion on these grounds because they were no evidence grounds and we have already concluded that there was not adequate time for discovery before Mizpah moved for summary judgment on no evidence grounds. *See* TEX. R. CIV. P. 166a(i). Therefore, we cannot consider the no evidence grounds raised in Mizpah's

31

hybrid motion, including the ground that there was no evidence that plaintiffs were not wearing their seat belts when the collision occurred. *See id.*

We sustain plaintiffs' second and third issues.

### III. CONCLUSION

Without reaching plaintiffs' fourth or fifth issues, we reverse the trial court's summary judgment and remand the case for further proceedings consistent with this opinion. *See* TEX. R. APP. P. 47.1.

NORA L. LONGORIA
Justice

Dissenting Memorandum Opinion by Justice Perkes.

Delivered and filed the
22nd day of May, 2014.